SIMEON   BABCOCK   AND   MICHAEL   ENGLEMAN   v.   THE
TOWNSHIP OF BEAVER CREEK.

*Taxes—Payment under protest—Action for recovery—Assessment of copartnership property—Involuntary payment.*

| 64 | 601 |
|----|-----|
| 64 | 684 |
| 64 | 601 |
| 100 | 472 |
| 64 | 601 |
| 108 | 507 |
| 64 | 601 |
| s31NW | 423 |
| 130 | ¹468 |

1. Plaintiffs sued to recover taxes paid under protest, assessed on their personal property, alleging, as the *sole* error complained of, an *excessive* valuation.

    *Held,* that this was not a protest under the statute (tax law of 1882, § 42), which does not apply to personal property, but one made on a payment claimed to have been involuntary, and, therefore, if not due, liable to be demanded back as money paid without consideration, under legal pressure, and recoverable as such, if at all; and that the protest did not stand in the way of such recovery.

2. The personal property of a firm was assessed to *one* of the copartners in a township in which neither resided, it being legally assessable in the *home* township.   The owners paid the tax under protest to avoid a threatened levy, and sued the township for the money thus paid.

    *Held,* that the payment was none the less involuntary because the assessment was in *form* against *one* of the copartners.

3. A demand of payment of a tax by an officer having a warrant involves an implication that payment will be *enforced* if not made, and an *actual* levy is not required, or proof that a levy

could be made on tangible property. If the party yields to the legal menace, it cannot be presumed, in favor of the exactor of payment, that he could have found nothing to levy on, or that there were no means of enforcement.

Error to Crawford. (Tuttle, J.)   Argued January 13, 1887.   Decided January 27, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Hatch & Cooley,* for appellant:

The assessment being to Babcock alone, and the demand for payment being made of both parties, who paid the tax, such payment was not involuntary: *Nickodemus v. East Saginaw,* 25 Mich. 456 (ann. ed.), and note; *Detroit v. Martin,* 34 Id. 170; *Wattles v. Lapeer,* 40 Id. 624; *Louden v. East Saginaw,* 41 Id. 18; *White v. Millbrook,* 60 Id. 532.

*Main J. Connine,* for plaintiffs:

A party who is taxed need not wait for a threat of levy, the demand for payment being sufficient to render a payment under protest involuntary: *White v. Millbrook,* 60 Mich. 532; *First National Bank v. Watkins,* 21 Id. 490.

The exhibition of a warrant directing forcible proceedings, and the receipt of money thereon, is a payment under compulsion: *Atwell v. Zeluff,* 26 Mich. 118; *McKee v. Campbell,* 27 Id. 497; Cooley, Tax. (2d ed.) 814.

CAMPBELL, C. J.   Plaintiffs sued to recover taxes paid under protest upon personal property belonging to them, and assessed in the name of S. Babcock, in Beaver Creek township.[1]   The testimony and findings show that, after the tax roll had been placed in the treasurer's hands for collection, he made demand by correspondence with plaintiffs, who, by an agent, in compliance therewith, subsequently paid under protest.

---

[1] The reason given for claiming the assessment illegal was that the protestants did not have to exceed $1,000 worth of personal property in the township at the time it was made, which was assessed at $6,250.

The court found that plaintiffs, being a non-resident firm, residing elsewhere, and having no such place of business as the law contemplates in this township, were not taxable there; and, having further found that the payment was involuntary, and other specific facts completing a cause of action, gave judgment for plaintiffs.

Several different requests were made upon points on which we think the facts actually found present the law points with sufficient fullness, and we think it unnecessary to consider these requests in detail. The finding of facts is full, and there is no difficulty in reaching the entire issue.

It is claimed that, because the plaintiffs set up that the tax was bad because laid upon property largely in excess of what they owned, they cannot rely upon any other ground. This was not a protest under the statute, which does not appear to cover the case.[1] It was on a payment claimed to have been involuntary, and therefore, if not due, liable to be demanded back. If the treasurer had accepted the tax on a part of the sum assessed, and remitted the balance, then, perhaps, this question might be presented. But he had no power, at that time, to make any division or remission, and could not have accepted a smaller amount in lieu of all. Whatever was paid was lawfully kept entirely or not at all. It was money paid without consideration, under legal pressure, and recoverable as such, if at all. We do not think the protest stood in the way.

We think the payment was involuntary, unless the form of the assessment made a difference. The treasurer had the tax roll, and was undertaking to collect under it. A tax roll means the roll in proper form to warrant the treasurer in enforcing the tax, and under the finding it must be held to have been a good roll. There was no occasion for any more

---

[1] See tax law of 1882, §42; *Lyon v. Guthard*, 52 Mich. 271.

full finding concerning its nature.[1] The law prescribes what
it must be, and there was no testimony to the contrary. We
think the court rightly found the payment involuntary.
Under the tax law it could have been collected of Babcock,
who is claimed to have been assessed on the firm property.

Under the statute it is declared by section 84 that a tax
shall not be held invalid because assessed in another name
than the owner's; and personal property is authorized, in
the very class of cases which the township authorities regard-
ed this as being, to be assessed to persons in control.    Section
11.    By section 5, each partner is made liable individually
for the whole partnership tax.    This being so, we do not see
that an assessment to Babcock individually would have been
beyond the authority of the statute.    The testimony and
finding are not ambiguous or deficient in identifying what
was meant to be assessed.    The burden, whoever paid it,
belonged, if valid, on plaintiffs' property, and it was their
right to so treat it, especially when they were called upon to
meet it.    We do not think the payment was any the less
involuntary because the assessment was in form against Bab-
cock alone.

A demand of payment by an officer having a warrant
involves an implication that payment will be enforced if not
made; and the authorities do not require an actual levy, or
require proof that a levy could be made on tangible property.
If the party yields to the legal menace, it cannot be pre-
sumed, in favor of the exactor of payment, that he could
have found nothing to levy on, or that there were no means
of enforcement.    When the court found the payment made

---

[1] The finding was as follows: "The supervisor of Beaver Creek on
the second Monday of April, 1884, made an assessment on his roll
based upon logs, lumber, and sleighs, identified in this suit as belong-
ing to plaintiffs, of $6,250, * * * and upon this valuation, at the
proper time, the supervisor levied a tax of $142.19. In January,
1885, the treasurer of Beaver Creek, having in his possession the tax
roll for 1884, made written demand of the plaintiffs for their personal
taxes."

to have been involuntary, and made as set forth, there was no occasion to find any more on that head.

This disposes of all the substantial issues. Upon the facts no other judgment could lawfully have been rendered, and nothing more is material.

The judgment must be affirmed, with costs.

SHERWOOD and CHAMPLIN, JJ., concurred.    MORSE, J., did not sit.

