ROEDEL *v.* VILLAGE OF WHITE CLOUD.

TAXES—INVOLUNTARY PAYMENT.
>    A payment of taxes is not made voluntary by the fact that the taxpayer, when a levy is threatened, points out his property upon which a levy can be made.

Error to Newaygo; Palmer, J.  Submitted February 18, 1896.  Decided March 3, 1896.

*Assumpsit* by Phil M. Roedel against the village of White Cloud to recover taxes paid under protest.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*M. Brown*, for appellant.

*W. D. Fuller*, for appellee.

GRANT, J.  Plaintiff paid his taxes for the year 1893 under protest, specifying in his protest the reasons for the illegality of the tax.  The case was tried before the court without a jury, and judgment rendered for the plaintiff.

The sole question raised upon the record is, was the payment of the tax involuntary?  Upon this point the court found as a fact that—

"The plaintiff refused to pay said taxes except under protest; and after the marshal had levied upon the personal property of the plaintiff to satisfy said taxes, but before he had removed the same from the premises of the plaintiff, the plaintiff paid said taxes, and at the same time delivered to said officer a written protest."

We think the conclusion of the circuit judge is justified by the evidence. The marshal who made the levy testified as follows:

"I went to the bank, and demanded the tax, and Mr. Roedel said he would pay it only under protest. 'Well, then,' says I, 'I shall have to levy on something to get my pay.' He says, 'Very well; come on,' and went right out of the back door of the bank, and went into the barn, opened the door, and says, 'There are horses;' opened the other part of the barn, 'There are harnesses and cows.' I levied on those goods. He told me I could levy on them. I simply read my warrant to him, and told him I took the goods. I did not take them out of the barn. We walked right back into the bank, and he gave me a check for the taxes."

We think this was an involuntary payment. The collector went to plaintiff with his warrant, and demanded payment, which was refused, and the collector then threatened to levy, whereupon plaintiff showed him property upon which he could levy. A payment is not made voluntary by the fact that the taxpayer, when a levy is threatened, shows or points out his property upon which a levy can be made. This statement made by the officer was an implication that payment would be enforced. No actual levy was required. *Babcock* v. *Township of Beaver Creek*, 64 Mich. 601.

The judgment is affirmed.

The other Justices concurred.