## CITY OF DETROIT *v.* WAYNE CIRCUIT JUDGE.

1. TAXATION—PERSONAL TAX—COLLECTION—INJUNCTION— STREET
   RAILWAYS.
   The rule that an injunction will not lie to restrain the collection of a personal tax does not apply where interference with the exercise of a valuable franchise is threatened,—*e. g.*, the seizure of the cars of a street-railway company.

2. SAME—STREET RAILWAYS—FRANCHISES—ROLLING STOCK.
   1 Comp. Laws, § 3831, subd. 16, provides that the personal property of a street-railway company shall be assessed in the township, village, or city where its principal business office is situated, and that its track shall be held to be personal property, and may be assessed in the township, village, or city where the same is located. *Held:*
   　(1) That the franchises of such a company are to be treated as part of the roadbed, and are therefore assessable in the several taxing districts through which the road runs.
   　(2) That its rolling stock, tools, etc., are no part of the track, and hence are taxable at the *situs* of the business office.

3. SAME—JURISDICTION OF COURT.
   Under 1 Comp. Laws, § 3899, specifying, among the reasons for which a tax may be held illegal, that it is unauthorized by law or is illegally assessed, the court has power to review a tax where it is charged that property not assessable was in fact assessed.

*Mandamus* by the city of Detroit and Thomas M. Lucking, receiver of taxes, to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate a temporary injunction restraining the collection of a personal tax. Submitted June 4, 1901. Writ denied July 10, 1901.

*Timothy E. Tarsney* and *John W. McGrath*, for relators.

*Gray & Gray*, for respondent.

MONTGOMERY, C. J.    This is an application for a *mandamus* to compel the circuit judge to vacate a temporary injunction restraining the collection of a personal-property tax assessed for the year 1900 against the Rapid Railway. The Rapid Railway Company is organized as a street-railway company.    Its line extends from the city of Detroit to the city of Mt. Clemens.    No part of it is within the corporate limits of Detroit.    The office of the company is, however, located in the city of Detroit, and its personal property, except as otherwise provided by statute, is assessable in the city.    The bill of complaint shows that four classes of property were assessed:    Cash in bank; rolling stock, tools, etc.; track and overhead equipment, all situate outside of Detroit; franchises, or the right to operate the railway in the townships of its location.    The bill alleges that the receiver of taxes threatens to seize its cars to satisfy the tax assessed, and that such seizure would be of incalculable injury to the business of the complainant.

It is contended by the relators that this injunction should be dissolved, upon the ground that it is an inappropriate remedy, and that in no case will an injunction lie to restrain the collection of a personal-property tax.    That this is the general rule has been many times declared by this court.    But that there may be exceptions where the property is of peculiar value to the owner, or where, as in a case like the present, a valuable franchise would be interfered with, has been affirmed.    See *Henry* v. *Gregory*, 29 Mich. 68; *Osborn* v. *Bank*, 9 Wheat. 738; Cooley, Tax'n (1st Ed.), 538, 539.    We think this case should be treated as an exception to the general rule.

On the merits, the questions presented are whether the franchises, so called, are taxable in the several townships where the track is located, or in the city of Detroit; and whether the rolling stock is to be treated as personal property, assessable at the office of the company, or whether that should be assessed in the townships where the track is located.    The first of these questions has been determined by this court.    In *Detroit Citizens' St. R. Co.* v.

*Common Council of Detroit*, 125 Mich. 673 (85 N. W. 96 ), it was said:

"The legislature has provided that the track * * * shall be assessed as personal property. In our opinion, this term should be construed to include not only the ties, spikes, rails, and switches, but also the right to use the bed upon which they are placed."

The statute (subdivision 16, § 8, Tax Law,—1 Comp. Laws, § 3831, subd. 16) provides that the personal property of a street-railroad company shall be assessed in the township, village, or city where its principal business office is situated; and that the track, road, or bridge of any such company shall be held to be personal property, and may be assessed in the township, village, or city where the same is located, used, or laid. If the franchise is to be treated as a part of the roadbed, within this provision of the statute, and attaching to every part of the same, as it does, and as we held in *Detroit Citizens' St. R. Co.* v. *Common Council of Detroit*, it seems clear that the assessment should be made in the townships through which the railway runs; and this was decided in the recent unreported case of *Detroit United Ry.* v. *Board of Assessors*.

As to the rolling stock, tools, etc., the statute is equally clear that these should be assessed in the city where the principal business office of the company is located. These are no part of the track, but personal property.

It is contended that the determination of the assessing officers is, in the absence of fraud, final. If the question were whether the judgment of the assessor as to value was final, we should not hesitate to hold that his decision could not be reviewed collaterally. But the contention of the railway company goes further. It contends that property not assessable was in fact assessed. Under the statute (1 Comp. Laws, § 3899) this inquiry seems to be open. See, also, *Pioneer Iron Co.* v. *City of Negaunee*, 116 Mich. 430 (74 N. W. 700).

The writ will be denied.

The other Justices concurred.