WOODMERE CEMETERY ASS'N *v.* TOWNSHIP OF SPRINGWELLS.

1. TAXES PAID UNDER THREAT OF LEVY—PROTEST.

A taxpayer, in a suit brought to recover from a township an illegal personal tax paid under a threat of levy, is not limited to the reasons stated in the protest.

2. ILLEGAL ASSESSMENT—BOARD OF REVIEW.

Where an assessment is absolutely void, and the property not subject to taxation, the taxpayer is not bound to apply to the board of review to correct the assessment.

Error to Wayne; Hosmer, J.   Submitted April 9, 1902. (Docket No. 28.)   Decided May 8, 1902.

*Assumpsit* by the Woodmere Cemetery Association against the township of Springwells to recover taxes paid under protest.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

Plaintiff's capital stock is $50,000.   Its property and home office are situated in the defendant township.   The stockholders reside in the city of Detroit.   Besides its other personal property, the assessor, in the year 1900, placed upon the assessment roll its capital stock.   The total assessment was $55,600.   The assessor testified that he assessed the tangible property of the plaintiff at $19,-000.   The court directed a verdict for the plaintiff for $431.47,—the amount of tax on the difference between $55,600 and $19,000.   The township treasurer threatened to levy upon plaintiff's property, and the tax was paid in order to prevent a seizure, the protest claiming that the tax was excessive.

*Richard I. Lawson*, for appellant.

*Gray & Gray*, for appellee.

GRANT, J. (*after stating the facts*).   1. No attempt is made to sustain the validity of the tax.   Its stock was assessable to the stockholders at their places of residence. 1 Comp. Laws, §§ 3831, 3836; *Lenawee Co. Sav. Bank v. City of Adrian*, 66 Mich. 273 (33 N. W. 304).

It is first objected, on behalf of the defendant, that plaintiff cannot recover, because it is limited to the reason stated in the protest, viz., excessive valuation.   This protest was not made under the statute, which requires the grounds for the protest to be stated, and limits the protest to the reasons therein stated.   This was a tax paid under a threat of levy, and in a suit brought to recover it back the taxpayer is not limited to the reasons stated in the pro-

test. *Babcock* v. *Township of Beaver Creek*, 64 Mich. 601 (31 N. W. 423).

2. It is urged that the plaintiff should have applied to the board of review to correct the assessment, and that, having failed to do so, it is now estopped to contest it. This rule does not apply to a case where the assessment is absolutely void and the property is not subject to taxation. *City of Detroit* v. *Wayne Circuit Judge*, 127 Mich. 604 (86 N. W. 1032).

Judgment affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.