### NESTER v. TOWNSHIP OF BARAGA.

1. TAXATION—PERSONAL PROPERTY — PLACE OF ASSESSMENT — RE-
VIEW.
    An assessment on personal property not subject to taxation at the place where assessed may be reviewed by the courts.

2. SAME—PARTNERSHIP—RESIDENCE—DIRECTING VERDICT.
    Though the residence of a copartnership for the purpose of taxation is a question of fact for a jury, where the evidence is uncontradicted the court may direct a verdict.

3. SAME.
    The business of a copartnership engaged in the manufacture and sale of lumber and the operation of a line of freight boats was *held* to have been "principally carried on," within the meaning of the tax laws, in the city where its office was located, its books kept, and its various interests directed, rather than in the township in which were situated its mills and lumber yards.

Error to Houghton; Streeter, J.   Submitted May 14, 1903.   (Docket No. 76.)   Decided June 30, 1903.

*Assumpsit* by George Nester, John F. Nester, Frank P. Nester, Mary N. Bourke, and Margaret Nester, copartners, doing business under the name of the Estate of Thomas Nester, against the township of Baraga, to recover taxes paid under protest.   From a judgment for plaintiffs on verdict directed by the court, defendant brings error. Affirmed.

*Philip R. McKernan* (*M. J. Sherwood*, of counsel), for appellant.

*Chadbourne & Rees*, for appellees.          •

HOOKER, C. J.   The plaintiffs are copartners living in different places,—one in Baraga county, and some in Detroit.   Their business consists partly in lumbering, and they own and operate a sawmill in Baraga county, employing from 100 to 150 men in their business in Baraga county during lumbering seasons.   They also own a number of vessels, tugs, and barges, and do a general freighting business, as well as business in connection with their lumber business.   Their office is at Detroit, where their books are kept, and to which daily reports of the Baraga business are uniformly sent, and their business outside of the manual work of manufacturing and transportation is conducted.   In the spring of 1900, the taxing officers of Baraga county sent to the plaintiffs the usual blank statements for listing property for taxation.   There is no evidence that they were filled out and filed.   Taxes were assessed, however, and it is claimed that the assessment of personal property includes property described on the roll and valued as follows, viz., "Steam vessels and barges, $50,000."   The plaintiffs called upon the board of review at their place of meeting, being the occasion of their last meeting, and found the members there, and they protested against such assessment, and were informed that they

133 MICH.—41.

were one minute too late, and no attention was paid to their complaint. Subsequently they paid the tax under protest, and brought an action for the amount. At the time of the assessment, none of the vessels, except possibly one tug, was in Baraga county, but they were elsewhere about the Lakes,—some at Buffalo, and one at Duluth. This property had been assessed at Detroit theretofore, and plaintiffs claim that it was assessed there the same year; *i. e.*, 1900. The court directed a verdict, and caused a judgment to be entered, in favor of the plaintiffs for $1,246, and defendant has brought the case to this court by writ of error.

Where a taxpayer's assessment is upon personal property not subject to taxation at the place where the property is taxed, the courts may review it. *City of Detroit* v. *Wayne Circuit Judge,* 127 Mich. 604 (86 N. W. 1032); *Woodmere Cemetery Ass'n* v. *Township of Springwells,* 130 Mich. 466 (90 N. W. 277). The claim that plaintiffs should have appeared before the board of review is not entitled to much consideration, in view of the proofs.

Counsel claim that the residence of a corporation is a question of fact for a jury. It is a question of fact, but, where the evidence is clear and uncontradicted, a verdict may be directed. We have held in some cases that the residence is the actual, rather than a fictitious, one, but there is nothing in this case to indicate that Detroit is not the *bona fide* residence of this concern.

We find no error in the proceedings, and the judgment is affirmed.

The other Justices concurred.