W. A. STURGEON & CO. *v.* BOARD OF ASSESSORS OF THE CITY OF DETROIT.

1. MANDAMUS—ADEQUATE REMEDY AT LAW—TAXATION OF PERSONAL PROPERTY—STATUTES.

Mandamus will not issue to compel the board of assessors to strike from the roll an assessment upon personal property erroneously determined to belong to relator, the remedy at law being adequate. 1 Comp. Laws, § 3876.

2. SAME—TAXATION—PERSONAL PROPERTY.

> It is a general rule that mandamus will not issue where it would be unavailing; and the rule is applicable where, in the usual course, a mandamus proceeding could not be determined before the assessment roll has left the hands of assessors to whom the writ should be directed.

3. SAME—REMEDIES—DEFENSES.

> The prayer of a petition for mandamus cannot be granted where it asks that an assessment be struck from the rolls and shows that the relator is liable to assessment upon a portion of the valuation.

Certiorari to Wayne; Hosmer, J. Submitted November 17, 1909. (Calendar No. 23,467.) Decided December 10, 1909.

Mandamus by W. A. Sturgeon & Company to compel the board of assessors and the common council of the city of Detroit to strike an assessment from the tax rolls. An order denying the writ is reviewed by relator on writ of certiorari. Affirmed.

*William Lucking,* for relator.

*Walter Barlow* (*P. J. M. Hally,* of counsel), for respondents.

BROOKE, J. The complainant, a corporation, previously doing business in the city of Detroit, filed an application for mandamus in the circuit court, praying that the respondents be compelled to strike an assessment of $50,000 made against them from the assessment rolls for the current year. The writ was denied at circuit, and the case is here on certiorari.

The claim made is that previous to the 1st day of April the relator had parted with the title to a quantity of diamonds, which the respondents, with full knowledge of the facts, placed and retained upon said roll against the protest of relator. The assessment was for $50,000, and it is admitted that the diamonds are included within it at a valuation of $50,000. The answer alleges that these

diamonds were in relator's possession on April 27th, and properly assessable to it, and that their value was $50,000, the amount of the personal assessment made.   It should be remarked that the petition for mandamus shows that relator's whole assets since March 29th consisted of bills receivable approximating $46,000, and bills payable approximating $41,000.   On the face of the petition, then, it appears that the relator should have been assessed upon at least $5,000.

We are of the opinion that the writ should be denied for three reasons:

(1)  There is an adequate remedy at law, and mandamus is not the proper remedy.

(2)  The roll is not now under the control of the respondents, and they cannot make the change.

(3)  The court should not relieve relator from his entire personal tax, as he prays, in the face of his admission that he had $5,000, personal property, subject to taxation.

1.  Adequate Legal Remedy.   That one assessed a personal tax upon property owned by another may be relieved from the tax levied against him, is settled by the cases cited by counsel for relator.   That he has another remedy than mandamus, is settled by the same cases. *City of Detroit* v. *Wayne Circuit Judge*, 127 Mich. 604 (86 N. W. 1032); *Woodmere Cemetery Ass'n* v. *Township of Springwells*, 130 Mich. 466 (90 N. W. 277); *Nester* v. *Township of Baraga*, 133 Mich. 640 (95 N. W. 722); *City of Detroit* v. *Transportation Co.*, 140 Mich. 174 (103 N. W. 557).   In *City of Detroit* v. *Wayne Circuit Judge*, it was indicated that the collection of the assessment might be enjoined, and the validity of the assessment and tax inquired into.   In *Woodmere Cemetery Ass'n* v. *Township of Springwells*, and *Nester* v. *Township of Baraga*, the action was assumpsit to recover taxes paid under protest.   In *City of Detroit* v. *Transportation Co.*, the defense was made in an action brought to collect the taxes.   This is a remedy provided by statute.   See 1 Comp. Laws, § 3876.   If there is any

case holding that mandamus is a proper remedy in this class of cases, counsel have failed to cite it. There are many considerations of public policy which forbid such a remedy.

(1) It subjects the rolls to the unnecessary alterations.

(2) It prevents an orderly and seasonable completion of the rolls.

(3) It must often happen, as in this case, that, before a final decision can be made, the roll is out of the possession of the officer proceeded against, and the remedy sought cannot be enforced.

2. Possession of the Roll. It is a general rule that a mandamus will not issue where it will be unavailing. See Merrill on Mandamus, § 75, and cases cited. Presumably the roll is in the hands of the proper officer for collection. The charter provides that the assessors shall complete the roll before April 1st (Detroit Charter [1904], § 213), and shall return the roll to the common council on the third Tuesday of April (§ 217). Section 219 provides for review and appeal to common council and for confirmation by the council, after which the roll shall remain as the basis of all taxes, etc., and taxes shall become payable forthwith upon the receipt of the ward tax rolls by the receivers of taxes, which the law plainly implies shall be prior to the 1st day of August.

3. Striking out Entire Assessment. The bare statement of this ground heretofore made is all that need be said about it. Confessedly relator should pay on $5,000 of personal property. We are aware that the point upon which we dispose of this case was not raised by counsel. We cannot do them the injustice to believe it was overlooked. Apparently both sides are willing to have the matter finally disposed of here. To do this would be to make one more confusing precedent on the subject of mandamus. The case is one which should be settled in an action at law, where it can be judicially determined whether the relator did or did not own this property. It is apparent that assessors must often determine the owner-

ship of property for the purpose of assessment, and questions of the correctness of their determinations must often arise. Their judgment should not be reviewed on mandamus, and the question may frequently be one upon which a jury should pass.

The order of the learned circuit judge is affirmed.

BLAIR, C. J., and MOORE, McALVAY, and BROOKE, JJ., concurred.