## JOSIAH A. JUDKINS *versus* JOHN REED.

A collector of taxes, legally qualified, acting within the scope of his powers, under a warrant from competent authority, is protected against all illegalities but his own.

His return is *prima facie* evidence of the facts stated therein.

A man cannot have a residence for purposes of taxation in two towns at the same time.

When a town line passes through the house of a person, his residence will be held to be in that town in which the most necessary and indispensable part of his house is situated, especially if the out buildings and other conveniences are in that town.

No BRIEF for plaintiff came into the hands of the Reporter.

*E. Winter*, for defendant.

The opinion of the Court was drawn up by

GOODENOW, J. — This is an action of trespass, *de bonis*. The defendant justifies as a collector of taxes of the town of Roxbury, for the year 1855. He produces in evidence his tax bills and warrant of commitment, for that year, with his return thereon, his official bond duly approved, authentic copies of the records of said town of Roxbury, showing his election and qualification, also copies of said records, showing the election and qualification of the assessors of said town. His warrant is in usual form, and signed by said assessors. A collector of taxes, legally qualified, acting within the scope of his powers, under a warrant from competent authority, is protected against all illegalities but his own, and his return is *prima facie* evidence in his favor, of the facts therein stated. The plaintiff appears, by the tax bills, to have been assessed

in Roxbury in 1855; and, by the return of the defendant on his warrant, it appears that $7,07 remained unpaid at the time of the alleged trespass; and that the defendant took the cattle by virtue of said warrant, &c.

We do not perceive any irregularities in the proceedings of the defendant, in seizing, advertising and selling the property and disposing of the proceeds thereof.

It is a question of fact, whether the plaintiff was or was not, on the first day of April, 1855, a resident in Roxbury. And, in my opinion, the evidence reported greatly preponderates in favor of the position that the defendant, on that day, had his legal residence in Roxbury, and was liable to be taxed, and was legally taxed in that town.

The case finds that, in 1848, the plaintiff purchased a farm situate partly in Mexico and partly in Roxbury, and that, in 1852, he built a house on said farm, on the line, so that the house stood partly in the town of Mexico and partly in the town of Roxbury. The plaintiff changed his residence from Mexico to Roxbury when he moved into this house in 1852. His domicil was in one or the other of these two towns. It could not be in both. In which, depends upon no one fact, but upon all the facts in the case. 23 Pick., 170.

Only a small part of the house is in Mexico. The most necessary and indispensable part is in Roxbury, as well as the other buildings and conveniences.

Upon the whole, we perceive no good reason why the justification set up by the defendant is not established by the evidence; and none has been pointed out to us for our examination and consideration, by the plaintiff's counsel.

*Plaintiff nonsuit.*

TENNEY, C. J., APPLETON, CUTTING, DAVIS and KENT, JJ., concurred.