51 120
54 646
56 491
60 517
51 120
83 110
51 120
94 218
51 120
108 572
51 120
139 1 33
51 120
150 33
f150 1288
51 120
145 2 58
145 2398

### CHARLES M. WILLIAMS v. CITY OF SAGINAW.

*Taxation of partnership property.*

The charter of Saginaw provides for a board of review with jurisdiction of appeals from the assessment of city taxes, and makes its decision, on such appeals, final. Act 300 of 1875, p. 295. *Held*, that the question whether an assessment is excessive is not for the courts to try.

One is not bound to notice or to appeal from an assessment of personal taxes against him if jurisdiction to assess them did not exist.

Personal property belonging to a partnership is assessable in the locality where it is, if the firm has its place of business there.

Error to Saginaw. (Gage, J.) June 13.—June 20.

ASSUMPSIT. Defendant brings error. Reversed.

*D. P. Foote* for appellant.

*Wisner & Draper* for appellee.

COOLEY, J. It appears by the finding of facts that the partnership of which plaintiff is the survivor was lawfully assessable in the city for personal property for the year 1879, and that there was no want of jurisdiction in the comptroller in the assessment which he made. The question, then, resolves itself into this: whether the assessment was excessive. This is not a question for the courts to try: the statute has provided a board of review to which appeals may be taken, and has declared that its decision shall be final. Local Acts 1875, p. 295.

The plaintiff contends that inasmuch as the partners were not residents of the city they were not bound to take notice of any assessment made against them there, or to appeal from it if they deemed it unjust. This would be true if there were no jurisdiction to assess a personal tax against them there. *Bemis v. Boston* 14 Allen 366; *Fairbanks v. Kittredge* 24 Vt. 9; *Charlestown v. County Com'rs* 109 Mass. 270; *Judkins v. Reed* 48 Me. 386; *McCoy v. Anderson* 47 Mich. 502.

But this, we have seen, was not the case. The partnership had a place of business within the city, and personal property there which confessedly was taxable. Nothing more was necessary to render legal the assessment actually made. No fraud is charged against the comptroller, and it affirmatively appears, though the fact is not legally important, that the partnership was not assessed elsewhere for such of its personalty as was within the city.

The defendant is entitled to judgment on the finding with costs of both courts.

The other Justices concurred.