CHARLES C. COMSTOCK v. CITY OF GRAND RAPIDS.

*Taxation of freight cars—Complaint of assessments.*

1. The owner of railroad cars is not exempt from taxation thereon on the ground that the companies over whose roads they run pay taxes on their earnings.

2. The statutory rule for taxing a car-loaning company or the owner of a special freight-line (How. Stat. § 1229) does not apply to the owner of cars that are used in his own business, even though the railroad company over whose road they run makes the owner an allowance for "wheelage."

3. A manufacturer lived in one ward and had a warehouse and stock-in-trade in another, and he also had a number of railway cars which he used in the transportation of his manufactures. The cars were taxed in both wards. *Held,* that they were properly taxable with the stock-in-trade as appurtenant to the business; and as personal property is assessable in gross and specific description of it is surplusage, the enumeration of the cars on the tax-roll could not affect the validity of the assessment, and if it was excessive the owner's remedy was by appeal to the board of review and not by a suit to recover taxes paid under protest.

Error to the Superior Court of Grand Rapids. (Parrish, J.)   June 25.—September 23.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*Everett D. Comstock* for appellant

*J. W. Ransom* for appellee.

COOLEY, C. J.   Plaintiff sued the city of Grand Rapids to recover the amount of certain taxes assessed against him for the years 1879, 1880, 1881 and 1882, and which he had paid under protest.   The suit was brought in the Superior Court of Grand Rapids, and was tried by the judge without a jury.  The following are the findings:

### FINDING OF FACTS.

1st. During the years 1879, 1880, 1881 and 1882 the plaintiff was, and still is, a resident, inhabitant and citizen of the

Fifth ward of the city of Grand Rapids, and owned and carried on a large manufacturing establishment in said Fifth ward, in which he manufactured pails, tubs and other articles.

2d. That during all the time aforesaid he owned and occupied for business purposes a warehouse near the Central Railroad depot, in the First ward of said city, wherein he stored temporarily his manufactured articles for the purpose of convenient shipping.

3d. For the convenience of the plaintiff, and for its own profit, the Michigan Central Railroad Company had laid a track from its own road along and near the warehouse of the plaintiff, to facilitate the shipping of the wares and other manufactures of the plaintiff, so that cars could be run to and loaded at and from the said warehouse of the plaintiff.

4th. In connection with the said warehouse was an office used by the plaintiff, on which was a sign consisting of the plaintiff's name.

5th. The plaintiff was the owner of twenty (20) cars, which were used and employed by him exclusively for the purpose of shipping his manufactures to various parts of the world. These cars were run upon the track to the warehouse of the plaintiff, and loaded with the plaintiff's wares, and, by an arrangement with the several railroad companies, transported to such points and places as the plaintiff desired; the plaintiff paying to the railroad companies freight charges, and the railroad companies paying to the plaintiff what they called wheel mileage.

6th. The products of the plaintiff's manufacturing establishment, in the Fifth ward, were conveyed to the aforesaid warehouse of the plaintiff in the First ward, in wagons used for that purpose, and sometimes the plaintiff's cars were loaded directly from the wagons, and sometimes from the said warehouse.

7th. In the years 1879, 1880, 1881 and 1882 the supervisor of the First ward listed and assessed these railroad cars, owned by the plaintiff, with other personal property of the plaintiff in said First ward, for the purpose of taxation, and made due return of his tax-rolls.

8th. The assessment rolls of the county, with the cars listed and assessed thereon, came before the board of review of the city of Grand Rapids, and were affirmed, and the taxes thus assessed were collected for the several years named, and the amount belonging to the city was paid into the city treasury.

9th. The taxes paid by the plaintiff, as above specified,

were paid by him under protest before any proceedings had been taken for their collection.

10th. For the year 1882, after these cars had been assessed. by the supervisor of the First ward, as usual, at the suggestion of the plaintiff, they were also assessed with other personal property of the plaintiff by the supervisor of the Fifth ward, of which the plaintiff was an inhabitant, and the tax thus assessed was paid by the plaintiff in both wards, under protest, before any proceedings were had for the collection of the tax.

11th. The amount paid by the plaintiff was substantially as stated in the bill of particulars in this case.

### FINDINGS OF LAW.

1st. I find as a matter of law, upon the facts in this case, the plaintiff has no cause of action against the defendant, the city of Grand Rapids.

2d. That judgment must be entered in favor of the defendant against the plaintiff for costs of suit, to be taxed.

The plaintiff requested the trial judge to make certain amendments of his findings of facts, the most of which, as we view the case, were immaterial. One of these was that the cars were out of the city more than half the time, and that when in the city were some of the time in other wards than the First ward. Another was that the Grand Rapids & Indiana Railroad Company, in making to the Auditor General its report of earnings for the purposes of taxation, did not exclude the earnings by these cars, and paid taxes upon such earnings.

Plaintiff claims to recover in the case upon the grounds.

1st. That the cars were not assessable to him for taxation at all ; and

2d. That if so assessable it must have been in the Fifth ward of the city, which was the ward of his residence.

I. It is said that the railroad companies pay a tax in respect to these cars, and for that reason they cannot be assessed for taxation to the owner, since that would be duplicate taxation and a violation of the constitutional rule of uniformity.

This argument is based upon a fallacy. The railroad com-

panies pay no tax upon these cars. They pay a tax in respect of their earnings. Their earnings may be increased by the use they make of these cars, but that does not make the tax upon the increased earnings a tax upon the cars. The earnings are also increased by the carriage of particular articles of freight, but the tax upon the earnings is not a tax upon the freight, so as to entitle the owners of the freight to exemption from taxation. It is a mistake to suppose there is any duplicate taxation in the case; the railroad pays a tax in respect of its business, and the owner of the property which it carries or which it uses pays a tax in respect to the property; and the two taxes are distinct and levied on wholly different principles.

II. It is further said that the plaintiff, if taxable at all in respect of these cars, is only subject to the specific tax imposed by Act No. 173 of 1873, the second section of which is as follows:

"Every corporation, association, or co-partnership, or party owning, running, or being interested in any 'special,' or 'fast,' or 'through,' or 'colored,' or other freight line (not owned exclusively by railroad companies), or any car-loaning company doing business in this state, or running cars over any of the railroads in this state, shall, on or before the first day of February of each year, pay to the state treasurer, on the statement of the auditor general, an annual tax of two per cent. upon its gross receipts earned in this state and derived from loaning, renting, or hiring its cars to any railroad, or other corporation, or association, or co-partnership, or party." How. Stat., § 1229.

The mere recital of this section is sufficient to show that the plaintiff's case is not within it. He is interested in no freight line; he is not running cars over any railroads in this State; he is not in the receipt of earnings derived from loaning, renting or hiring his cars to any railroad or other corporation or association or co-partnership or party. It would be impossible, therefore, to tax him under the section recited. The plaintiff owns cars, it is true, but not for loaning, renting or hiring out, and not for doing business with them over railroads. He owns them to load with his own

merchandises, and then to be moved for him by railroad companies for such compensation as may be agreed upon. It is true that in fixing the compensation, allowance is made to him for "wheelage," as allowance might be made by a mechanic for tools furnished by his employer for use in his service; but such an allowance is not earnings from loaning, renting or hiring the cars, for they are neither loaned, rented nor hired.

The cars, then, were undoubtedly assessable to the plaintiff for taxation by value. It remains to see whether the taxation was void, because made in the First ward, which was not the ward of the plaintiff's residence.

III. The plaintiff is quite correct in his contention that personal property should be assessed to the owner for taxation in the township or other assessment district in which he resides, unless the statute otherwise provides. The statutes of this State make some exceptions, and the one which has importance in this connection is the following : " All goods, wares, and merchandise, or stock in trade, including stock employed in the business of the mechanics' arts, in any township other than where the owner resides, shall be taxed in the township where the same may be, if the owner hire or occupy a store, mill, shop or warehouse therein, and shall not be taxable where the owner resides." How. Stat. § 1008, subd. 1. " Township," as here used, includes " ward." Id. § 1013.

The plaintiff argues that his cars were neither "goods, wares or merchandise, or stock in trade " within the meaning of this section. He was not making cars, or keeping them in stock, or dealing in them. He was merely keeping a certain number for his own use. Therefore, the assessor of the ward in which he did not reside had no jurisdiction to assess them.

But it does not follow that because they ought not to have been assessed in the First ward the assessment was void. Personal property is not, according to the system which prevails in this State, assessable on specific enumeration, but it is assessable in gross, and specific descriptions are mere surplusage. In this case it appears beyond question and is not

disputed that the plaintiff was assessable for personal property in the First ward of the city. He had a warehouse and an office there, and he had stock in trade. It was entirely right and proper therefore to put him upon the roll for taxation in that ward, and there was and could have been no want of jurisdiction in doing so. The error on the part of the assessor, if there was any, was in including these cars as part of the "goods, wares or merchandise, or stock in trade," which was taxable in that ward.

If the assessment had been made of the goods, wares, etc., in one gross sum, without any specification of particulars, there could have been no question whatever that the assessment would have been valid, and that the plaintiff, in order to obtain relief from any portion thereof, must have appealed to the board of review as provided by statute. This must be considered settled by *Williams v. Saginaw* 51 Mich. 120. But the mention of the cars for separate valuation can make no difference. The plaintiff knew, or was bound to know, that the law required that he should be taxed for personal property in the First ward of the city, and he therefore had constructive notice of the assessment actually made, and should have appealed in respect to any part of it of which he could justly complain. There is no analogy between this case and the case of one who is assessed in a township where he has no taxable property at all, and with whose assessments he is therefore not concerned. The assessment in such a case would be void for want of jurisdiction, while here, if the plaintiff is correct in supposing he was not taxable in the Fifth ward, it was merely excessive. But we think the cars may properly be considered as appurtenant to the business in connection with which they were used, and taxable with the stock in trade.

On the undisputed facts in the case, therefore, the plaintiff was not entitled to recover. If any errors occurred in the course of the trial they are immaterial.

The judgment must be affirmed.

CAMPBELL and SHERWOOD, JJ. concurred, CHAMPLIN, J. not sitting.