SCHEURMANN *v.* STYNINGER.

CHANCERY CASE—QUESTION OF FACT—FINDING OF CIRCUIT JUDGE.
    In this case the question is one purely of fact, upon conflicting evidence; and the finding of the circuit judge, who was in a better position to determine the credibility of the witnesses, is affirmed.

Appeal from Bay; Shepard, J. Submitted April 9, 1902. (Docket No. 35.) Decided May 8, 1902.

Bill by Frances Scheurmann and the Jennison Hardware Company against John A. Styninger and Hattie Styninger to reform a deed. From a decree for complainants, defendants appeal. Affirmed.

*Loranger & Flynn*, for complainants.

*Pierce & Kinnane*, for defendants.

GRANT, J. The purpose of this suit is the reformation of a deed executed by complainant Scheurmann to the de-

fendant John A. Styninger, dated December 8, 1899. The land conveyed was a part of lot 3 in block 50 of the plat of the village of Lower Saginaw (now Bay City), described by metes and bounds, and extending 136 feet east and west, and 40 feet and 6 inches north and south. Upon the western end of the lot was a warehouse occupied at the time by one Maxwell, the tenant of Mrs. Scheurmann. Subsequently Mrs. Scheurmann deeded the land and the warehouse thereon to complainant the Jennison Hardware Company. The claim of the complainants is that the agreement was to sell to defendant Styninger that portion of lot 3 extending to the east end of the warehouse, and that the surveyor made a mistake in his measurements. By the description in the deed, the land conveyed extends 7 feet into the warehouse, and the defendants claim that that was the agreement. The surveyor testified that he was employed by Mr. Styninger; that he was instructed to make his measurements to the east end of the warehouse; that he did so; that Mr. Styninger assisted him in making the survey; and that in some way he made a mistake of 7 feet. This is denied by Mr. Styninger. Mrs. Scheurmann testified that she agreed to sell the land only to the east end of the warehouse. Decree was entered for the complainants.

The question is one entirely of fact, with the testimony in sharp conflict. We think the learned circuit judge reached the correct conclusion. The result depended upon the credibility to be given to the witnesses. In such case the circuit judge is in a better position to determine the truth than are those who have not the opportunity to see them.

The decree is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.