CITY OF DETROIT *v.* MACKINAW TRANSPORTATION CO.

1. TAXATION—CORPORATIONS ENGAGED IN MARITIME COMMERCE—
PLACE OF BUSINESS—LOCATION OF PROPERTY—UNIFORM TAXA-
TION.

The proviso of section 3834, 1 Comp. Laws, that "the personal
property of all corporations of the State for the purpose of
maritime commerce and navigation shall be assessed only in
the city, village, or township which is stated in their articles
of association," attempts to confer on such corporations the
special privilege of fixing the situs of their property for the
purpose of taxation in violation of section 11 of article 14 of
the State Constitution requiring a uniform rule of taxation.
*Teagan Transp. Co.* v. *Board of Assessors*, 139 Mich. 1, fol-
lowed.

2. SAME—ESTOPPEL.

Where neither a corporation nor its personal property was
within the jurisdiction of a board of assessors, except by vir-
tue of an unconstitutional statute authorizing assessment of
such property only at the place designated by the articles of
such corporation as its general office, it was under no obliga-
tion to resist an assessment, and, by failing to resist, did not
lose its right to object to the invalidity of the assessment
when sued for the tax.

3. SAME—VOLUNTARY PAYMENT.

A voluntary payment of personal taxes assessed under an in-
valid statute for one year does not affect the right to raise
the question of the invalidity of the tax in a suit for taxes
subsequently accruing.

Error to Wayne; Rohnert, J.  Submitted April 6,
1905.  (Docket No. 33.)  Decided May 12, 1905.

Assumpsit by the city of Detroit against the Mackinaw
Transportation Company for taxes.  There was judgment
for defendant on a verdict directed by the court, and plain-
tiff brings error.  Affirmed.

*Timothy E. Tarsney* ( *P. J. M. Hally* and *Frank E. Doremus*, of counsel), for appellant.

*Nathaniel E. Slaymaker* (*Henry Russel* and *O. E. Butterfield*, of counsel), for appellee.

McAlvay, J. This is an action of assumpsit brought by plaintiff against defendant to recover the amount of a personal tax levied against defendant for the year 1902. The facts are not disputed.

Defendant is a Michigan corporation engaged in maritime commerce and navigation, and was organized about the year 1882; the city of Detroit being designated in the original articles of association as the location of its general office for business. By amendment of these articles made in November, 1901, filed with the secretary of State April 2, 1902, this general office was changed from Detroit to the village of Mackinaw. A certified copy of these amended articles was filed with the county clerk of Wayne county, May 8, 1902. The stock of defendant was owned in equal shares by three railroad companies, and its personal property consisted of two car ferryboats and necessary furnishings. These boats were engaged in the business of ferrying cars across from Mackinaw to St. Ignace, and carrying some passengers and package freight. The company also owned slips at each end of this route, to make the necessary landings to take on cargoes. It owned no other property, and never had its property in Detroit, or operated its business there, except as the boats may have been there for repairs. It had the office of its secretary at Grand Rapids. Defendant was assessed for personal property at the city of Detroit for the year 1902; the contention of the plaintiff being that, under section 3834 of the Compiled Laws of 1897, the assessment was properly made at the place designated in the articles of incorporation as the location of its general office for business. Plaintiff further contends that this assessment cannot be questioned in this suit; that the question not having been

raised by defendant before the proper municipal boards—
no appearance or protest having been made before the as-
sessors or board of review—defendant is estopped. The
trial court did not accept plaintiff's contention, and in-
structed a verdict for defendant. Plaintiff brings the case
here on writ of error.

The amendment to the articles of incorporation and the
ownership of the stock of defendant company are facts
immaterial to the consideration of this case. Since the
trial in the court below the question of the constitutional-
ity of the provisions of the statute in question, relative to
the assessment of personal property of corporations organ-
ized under the laws of this State for the purpose of engag-
ing in maritime commerce or navigation, at the place only
designated in their articles of association to be the location
of their general office for business, has been before this
court; and such provision has been declared to be in vio-
lation of article 14, § 11, of the Constitution, requiring a
uniform rule of taxation. See *Teagan Transportation
Co.* v. *Detroit Board of Assessors*, 139 Mich. 1. This
decision controls this case, unless the second contention of
plaintiff, that defendant is estopped from questioning this
assessment in this suit, is sustained. This position of the
plaintiff is not tenable. Personal property of an individ-
ual is subject to taxation in a particular district by reason
of his residence or the situation of his property. If neither
the defendant nor its property was within the jurisdiction
of the board of assessors, except by virtue of an unconsti-
tutional provision of law, then no obligation or duty rested
on the defendant to do anything with reference to the
assessment of its property in the city of Detroit, whether
it had or had not notice of such assessment.

Nor can the fact that defendant made a voluntary pay-
ment of personal taxes assessed against it for the year
1901 have any bearing upon the proposition.

Upon principle and authority, defendant could question
the legality of this assessment in this suit. See *City of
Detroit* v. *Wayne Circuit Judge*, 127 Mich. 604; *Wood-*

*mere Cemetery Ass'n* v. *Township of Springwells,* 130 Mich. 468; *Pioneer Iron Co.* v. *City of Negaunee,* 116 Mich. 430.

The judgment of the circuit court is affirmed.

CARPENTER, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.