TOWNSHIP OF PORTSMOUTH *v.* CRANAGE STEAMSHIP CO.

SAME *v.* McGRAW TRANSPORTATION CO.

1. TAXATION—SITUS OF PROPERTY—NAVIGATION COMPANIES.
   The property of a corporation engaged in maritime commerce or navigation is taxable in the place where its general business office is located, and not at the place named in its articles of association as the location of its general office for business, but at which it has no property.

2. SAME—ESTOPPEL TO CONTEST ASSESSMENT.
   The act of the officers of a navigation company in listing its property for taxation in a township in which it is not legally taxable does not estop the corporation from contesting the validity of the tax, where their course in so listing their property, and that of the township officers in assessing it, was based on an erroneous assumption that a statute which had already been declared unconstitutional was constitutional.

3. SAME—FAILURE TO CONTEST BEFORE BOARD OF REVIEW.
   The navigation company is not estopped because it failed to appear before the board of review and contest its assessment.

Case made from Bay; Collins, J. Submitted February 14, 1907. (Docket No. 151.) Decided April 30, 1907.

Assumpsit by the township of Portsmouth against the Cranage Steamship Company and the McGraw Transportation Company for taxes. There was judgment for defendants, and plaintiff appeals. Affirmed.

*Cooley & Hewitt,* for appellant.

*Gillett & Clark,* for appellees.

CARPENTER, J. A suit to recover taxes assessed for the year 1905 was brought by said plaintiff against each of the above-named defendants. The facts in each case being the same, the two suits were consolidated. They

were tried before the court without a jury. A finding of facts was made, and judgment rendered in favor of defendants. The proceedings are brought before this court for review by a case made after judgment. The defendants are corporations engaged in maritime commerce or navigation. Their articles of association name Portsmouth township as the location of their general office for business. The corporations listed their property for taxation for the year 1905 in said township. No property of said defendant corporations was in fact situated in said township, and their general business office was located in Bay City. Defendant corporations were therefore taxable, not in plaintiff's township, but in Bay City (*Teagan Transportation Co.* v. *Detroit Board of Assessors*, 139 Mich. 1 [69 L. R. A. 431]), and it was in fact there taxed.

Plaintiff contended in the lower court and contends in this court that the principle of estoppel applies, and obligates defendants to pay said taxes. Does that principle apply? Plaintiff insists that it does. It insists that the tax was assessed and obligations thereby imposed on plaintiff, because defendants stated in their articles of incorporation, in their report to plaintiff's assessing officer, and verbally to said assessing officer, that their general business office was located in said plaintiff township. It is true that such statements were made, and the consequent liabilities resulted therefrom, but there is no finding of facts that plaintiff's assessing officer believed that defendants' general office for business was actually located in said township, and from the facts found no such inference can be drawn. It appears from said finding of facts that after the foregoing statements were made, plaintiff's assessing officer was in such doubt as to his duty that he "consulted the assistant prosecuting attorney, who advised him that the principal business office of such a corporation was wherever the officers swore it was located, and it is there that such corporations are liable for assessment." It is to be inferred from the finding of facts that

the property was assessed in plaintiff township, not because its assessing officer believed defendants' general business office was there located, but because he believed that defendants had a right to select, and by the statements above referred to had selected, that township as the situs for the taxation of their personal property. It appears, too, from said finding that the defendants "acted in good faith, and had not at that time been advised that the excepting of navigation companies from the general provisions of section 11 of the general tax law had been held unconstitutional." (It is to be observed that what is above referred to as an exception to the tax law—declared unconstitutional in *Teagan Transportation Co.* v. *Detroit Board of Assessors*, supra—made the personal property of transportation companies taxable in the municipality, "which is stated in their articles of association to be the location of their general office for business.") This, then, is not a case in which plaintiff's taxing officer was *deceived* by *any statement* of fact made by defendant. It is a case in which everybody concerned acted upon the erroneous assumption that the law which had already been declared unconstitutional was constitutional. It is simply a case of a mutual mistake of law. It is ruled by *Smith* v. *Sprague*, 119 Mich. 148, where we held that the doctrine of estoppel did not apply. See, also, *McKeen* v. *Naughton*, 88 Cal. 467; *Brewster* v. *Striker*, 2 N. Y. 19; Bigelow on Estoppel, p. 572.

Plaintiff also contends that defendants are estopped because they did not appear before the board of review and contest their assessments. This contention is answered by the following decisions: *City of Detroit* v. *Transportation Co.*, 140 Mich. 174; *Woodmere Cemetery Ass'n* v. *Township of Springwells*, 130 Mich. 466.

Judgment affirmed.

MCALVAY, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.