RAPID RAILWAY CO. *v.* SCHROEDER.

1. TAXATION—ASSESSMENT TO WRONG PARTY—INJUNCTION—STREET RAILWAYS—LIABILITY FOR TAX.

Defendants attempted to enforce collection of a tax on real property erroneously assessed to the complainant, Rapid Railway Company. The property taxed belonged to the Rapid Railroad Company, a corporation which formed part of the system known as the Rapid Railway System, a combination of several roads with the two mentioned; the majority of the stock in each company was held by a general holding company and the Detroit United Railway acted as a general clearing house of the system and usually paid the taxes of all the lines. *Held*, that a levy upon rolling stock of the wrong constituent company of the system, which was not an incorporated entity, was improper and should be enjoined.

2. SAME—WAIVER—SUBSEQUENT ACTS.

*Held*, also, that an employee of the real estate department of the Detroit United Railway did not impair or affect the rights of complainant by failing to object to the assessment on this ground and by merely complaining about the amount of the tax, at a conference with township officials and board which occurred after the tax was assessed.

3. SAME—BOARD OF REVIEW—ESTOPPEL.

Its failure to appear before the board of review and have the name of the owner inserted did not estop the complainant from restraining the collection against its property of the void tax.

4. SAME—VALIDITY OF TAX.

The provisions of 1 Comp. Laws 1915, § 4098, providing that no tax shall be held invalid on account of assessing property to the wrong person, did not apply to levy on the property of the party who did not own the land, and afforded no defense to an injunction suit.

Appeal from Macomb; Tucker, J. Submitted April 20, 1915. (Docket No. 90.) Decided March 31, 1916.

Bill by the Rapid Railway Company, a street railway corporation, against Charles Schroeder, deputy township treasurer, and the Township of Erin, for a decree declaring void a certain tax assessed against complainant and for an injunction restraining defendants from selling one of complainant's passenger cars under a tax levy. From a decree for defendants, complainant appeals. Reversed.    •

*Erskine & Lungerhausen,* for complainant.

*Warren S. Stone* (*Robert F. Eldredge,* of counsel), for defendants.

BIRD, J.    The supervisor of the township of Erin, Macomb county, assessed to complainant in the year 1912 a strip of land 33 feet wide, fronting on the Gratiot road, which was purchased for railroad purposes, but which was not yet being used for that purpose. The tax amounted to $473.10, and payment thereof was demanded of complainant. Complainant refused to pay, whereupon the treasurer levied upon one of its passenger cars and advertised it for sale under the provisions of the tax law. Complainant then filed the present bill to have the tax declared void, and prayed for a temporary injunction to prevent the collection of the tax, and the sale of the car pending the hearing. Subsequently a stipulation was made between the parties releasing the car upon the filing of a bond by the complainant. At the hearing it turned out that the land belonged, not to complainant, the Rapid Rail*way* Company, but was purchased and owned by the Rapid Rail*road* Company. It further appeared that these parcels of frontage, forty-seven in number, save one, were taken in the name of the Rapid Railroad Company, and recorded as such in the office of the register of deeds of Macomb county. Notwithstanding the assessment was made to the wrong

corporation, the chancellor was of the opinion that the management of the several railway corporations constituting the Rapid Railway System, taken in connection with their former dealings with the township authorities, left it to be inferred by them "that it would make no difference how the assessments were made or labeled, and that, if they were proper charges against any of the companies constituting the system, they would be paid." Entertaining this view, he held that a personal decree should pass against complainant for the amount of the tax with the costs incurred in the collection of the same, as well as the costs of suit, and that the bill should be dismissed.

1. *The Relation of the Companies.* The record discloses that complainant, "The Rapid Rail*way* Company," "the Rapid Rail*road* Company," "the Detroit, Mt. Clemens & Marine City Street Railway Company," "the Port Huron, St. Clair & Marine City Railway Company," "the Detroit & Lake St. Clair Railway," and "the City Electric Railway Company of Port Huron" are Michigan corporations and constitute what is popularly known as "the Rapid Railway System." These lines of interurban railway are operated between the cities of Detroit, Mt. Clemens, and Port Huron. The majority of the stock of each one of these railway companies is owned by the Port Huron & Shore Line Railway, a New Jersey corporation, which is not an operating company, but merely a holding company. The inference from the record is that the stock of the New Jersey company is owned by the Detroit United Railway, which ownership carries with it control of the six companies constituting the Rapid Railway System. The Rapid Railway system is not a corporation. It is simply a trade-name used to designate the lines controlled by stock ownership, the same as the trade-name "Grand Trunk System," "the New York Central Lines," and "the Pennsylvania Lines." Each of these

six interurban lines of railway, making up the Rapid
Railway System, maintains an independent organiza-
tion, and elects its own officers and makes reports to
the State. The Detroit United Railway acts as a sort
of clearing house for these several corporations, re-
ceives their income, pays their bills, and keeps a sep-
arate account with each company. The Detroit United
Railway also maintains a real estate department which
looks after and pays the taxes of these several com-
panies. It is said that combining these several com-
panies, two of which have very similar names, under
one control, has confused the situation, so that it is
difficult to know to which company the particular as-
sessment should be made, and it is further insisted
that it is immaterial to which one the assessment was
made, because all taxes are paid by the controlling
authority and charged to the proper account. We can-
not agree with this conclusion. The complainant cor-
poration has no interest in the Rapid Railroad Com-
pany. Neither has that company any interest in the
complainant corporation. Both are independent cor-
porations, created so by the State, and recognized by
it as such. Each has its own board of directors and
selects its own officers, and each makes reports to the
State. There is no more reason for taking complain-
ant's property to pay the taxes of the Rapid Railroad
Company than there is of taking the property of one
individual to pay the taxes of another. The argument
that it becomes unimportant because the taxes of both
are paid by the Detroit United Railway Company is
not of much force, because the assessment was neither
made against the Detroit United Railway, nor was
the attempt made against that company to collect the
same. The mere fact that the relations of these com-
panies are such that it is sometimes difficult to deter-
mine to which company certain property belongs will

not justify the township authorities in taking property owned by the complainant to pay the taxes assessed upon property which it does not own. In the instant case the process of determining to which company these 47 descriptions belonged was not difficult. A reference to the records of the register of deeds by the assessing officer would have disclosed who the grantee was.

2. *Dealings Between the Railways and the Township Authorities.* A few days prior to the levy, a Mr. Beath, who is employed in the real estate department of the Detroit United Railway, met the township board and treasurer in the prosecuting attorney's office, for the purpose of talking the matter over and determining whether a compromise could be made of the matter, and several suggestions were made whereby complainant agreed to pay some portion of the tax if other portions were remitted. At this conference it is claimed that no objection was made by Mr. Beath on the ground that the assessment was made to the wrong corporation, but his objection went only to the amount of the assessment. Nothing came of this meeting, and a conference was arranged for the following day between the treasurer and Mr. Beath, but no settlement was arrived at. We are not impressed with the importance of this conference, nor of any concessions upon the part of the complainant, as it took place long after the assessment was made, and therefore could have had no tendency to mislead the assessing officer. It was claimed upon the part of the complainant, and we think the testimony tends to show, that the township authorities were advised at this conference of their mistake in making the assessment. This was before the car was levied upon.

It was further shown that the previous year a like assessment was made to complainant on some portion of these parcels, and that it was paid without objection.

It appears, however, that the tax paid was a drain tax, and was paid not by complainant, but by the Detroit United Railway. To which railway line it was charged by them does not appear.

We are unable to see anything in these dealings between the complainant and the township authorities which should estop the complainant from resisting the payment of the tax.

3. It is further contended that the failure of complainant to appear at the board of review and have the correction made estops it from now complaining of the error. We think this rule is not applicable where the complainant owned no part of the property assessed, and where the assessing officer had no jurisdiction to assess any part of the property against complainant. One is not bound at his peril to appear before a board of review to protect himself against a void tax which the township authorities had no jurisdiction to levy against him. *Woodmere Cemetery Ass'n* v. *Township of Springwells,* 130 Mich. 466 (90 N. W. 277); *City of Detroit* v. *Transportation Co.,* 140 Mich. 174 (103 N. W. 557); *Township of Portsmouth* v. *Steamship Co.,* 148 Mich. 230 (111 N. W. 749).

4. The defendants invoke the following provision of the statute in defense of their action:

"No tax assessed upon any property  *  *  *  shall be held invalid  *  *  *  on account of the property having been assessed  *  *  *  in the name of any person other than the owner." 1 Comp. Laws, § 3922 (1 Comp. Laws 1915, § 4098).

This rule applies only where one is proceeded against to collect a tax which he would have been liable for if properly assessed, but which has been assessed to another. If this attempt to collect the tax against the complainant was for property which it owned, but

which through error had been assessed to another, an application of this rule might be made, but we think it could in no sense apply in the present case, inasmuch as complainant did not own the property, and was not liable for the tax which the township was seeking to collect.

The decree of the trial court will be reversed, and one entered in conformity with this opinion, with costs to the complainant.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.