CONTINENTAL MOTORS CORPORATION *v.* TOWNSHIP OF MUSKEGON.

DECISION OF THE COURT.

1. TAXATION—PERSONAL PROPERTY—ASSESSMENT—ADMINISTRATIVE REMEDIES.

Recovery of ad valorem taxes paid under protest on personal property owned by the United States and in the possession of the taxpayer is approved, by DETHMERS, KELLY, BLACK, and O'HARA, JJ., because there was no statutory authority for the assessment when made (CL 1948, § 211.1 *et seq.*, as amended), and by T. M. KAVANAGH, C. J., and SOURIS, SMITH and ADAMS, JJ., where taxpayer had exhausted administrative remedies to recover the assessment, not void *ab initio* but excessive (CL 1948, § 211.18).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 8] 51 Am Jur, Taxation § 767 *et seq.*
[3] 51 Am Jur, Taxation § 761.
[4] 5 Am Jur 2d, Appeal and Error § 760 *et seq.*
[5] 14 Am Jur, Costs § 36.
[6] 51 Am Jur, Taxation § 667 *et seq.*
[7] 51 Am Jur, Taxation § 747.

Separate Opinion.

Dethmers, Kelly, Black, and O'Hara, JJ.

2. Taxation—Invalid Assessment.

> *An assessment, made and confirmed under color of the general property tax act, that is invalid for outright want of legal authority to make it, has no standing for any legal purpose whatever, and is subject to attack either directly or collaterally (CL 1948, § 211.1 et seq., as amended).*

3. Same—Exemptions—Personal Property—Assessment—Payment Under Protest—Report in Gross.

> *Recovery of an assessment on personal property under the general property tax act upon tax-exempt property owned by the United States and in the possession of plaintiff who paid the tax under protest, was properly allowed, where at the time of assessment there was no statutory authority for the imposition of the tax, even though the taxpayer in reporting personal property furnished to the assessing officer only a gross figure as to value of the exempt property and property liable to tax and failed to appear before the board of review and segregate the taxable from the nontaxable property or otherwise protest the assessment (CL 1948, § 211.1 et seq., as amended).*

4. Appeal and Error—Questions Reviewable—Taxation—Property of United States—Administrative Law.

> *Consideration of whether or not action for refund of taxes assessed on personal property owned by the United States in violation of the Constitution of the United States is subject to State administrative provisions is not considered, where refund has been ordered because assessment was unauthorized at the time it was made (CL 1948, § 211.1 et seq., as amended).*

5. Costs—Taxation—Personal Property—Payment Under Protest.

> *No costs are allowed in action to recover taxes paid under protest on personal property, where property upon which taxes were paid was exempt at time of assessment (CL 1948, § 211.1 et seq., as amended).*

Separate Opinion.

T. M. Kavanagh, C. J., and Souris, Smith, and Adams, JJ.

6. Taxation—Personal Property—Assessment.

> *Personal property assessments are made upon the total value of taxable personalty, not by specific parcel as is real estate, hence, the need for making proper disclosure (CL 1948, § 211.18; CLS 1961, § 211.24).*

7. SAME—PERSONAL PROPERTY—EXCESSIVE ASSESSMENT.

*Erroneous inclusion of exempt personal property within the taxable mass does not result in a void assessment, but in an excessive one, subject to review by the same procedure as any other improper assessment (CL 1948, § 211.18).*

8. SAME—PERSONAL PROPERTY—POSSESSION OF EXEMPT UNITED STATES PROPERTY.

*Taxpayer who paid assessment on personal property under protest was entitled to recover amount levied upon such property in its possession as was owned by the United States and tax exempt, where it had exhausted its available administrative remedies (CL 1948, § 211.18).*

Appeal from Muskegon; Beers (Henry L.), J. Submitted November 4, 1964. (Calendar No. 49, Docket No. 50,503.) Decided March 1, 1965.

Action by Continental Motors Corporation, a Virginia corporation, against the Township of Muskegon, a constitutional body corporate, to obtain refund of personal property tax paid under protest. Orchard View School District No. 13 and the County of Muskegon intervened as parties defendant. United States of America intervened as party plaintiff. Judgment for plaintiff corporation against defendant township. Defendant and intervening defendants appeal. Affirmed.

*Joseph T. Riley (Butzel, Eaman, Long, Gust & Kennedy, Clifford W. Van Blarcom* and *Philip T. Van Zile II,* of counsel), for plaintiff.

*Louis F. Oberdorfer,* United States Assistant Attorney General, *Lee A. Jackson, I. Henry Kutz,* and *Robert A. Bernstein,* Department of Justice, *George E. Hill,* United States Attorney, and *H. David Soet,* Assistant United States Attorney, for intervening plaintiff United States of America.

*Charles A. Larnard,* for defendant township.

*Poppen, Street & Sorensen,* for intervening defendant school district.

*Harry J. Knudsen,* Prosecuting Attorney, for intervening defendant county.

*Harold M. Street,* of counsel for defendant and intervening defendants.

BLACK, J. It is conceded that on the tax day of 1958 plaintiff Continental was in possession of certain personal property belonging to the United States. It is conceded also that such personal property was not at the time taxable, by force or authority of Michigan law or otherwise. Assessment thereof—for 1958—was nonetheless made and levy confirmed under the forms and procedures of the general property tax act.[1] Plaintiff, under protest, paid (January 16, 1959) the tax as levied upon such personal property.[2] This suit, to recover the amount paid, was instituted February 11, 1959. Trial to the court resulted in judgment for the plaintiff.

---

[1] See CL 1948, § 211.1 *et seq.,* as amended (Stat Ann 1960 Rev § 7.1 *et seq.*). Specifically, for increased levy, see CLS 1961, § 211.29 (Stat Ann 1960 Rev § 7.29), and for payment under protest, see CL 1948, § 211.53 (Stat Ann 1960 Rev § 7.97).—REPORTER.

[2] The principally assigned reasons for protest were:

"1. The property above referred to is the sole and absolute property of the United States of America and is exempt from taxation under the general tax act of the State of Michigan.

"2. The general property tax act of the State of Michigan does not authorize any taxing authority within the limits of the State of Michigan to assess, or to collect taxes against Continental Motors Corporation for any property not owned by Continental Motors Corporation.

"3. There is no authority under the general property tax act of the State of Michigan to make an assessment against or to collect taxes from Continental Motors Corporation on the claim that property owned by the United States of America can be assessed to the possessor, or the user of such property."

On appeal the defendant township, school district, and county pose this question:

"May a taxpayer, who has in his possession on tax day personal property which is exempt and also personal property liable to tax, who furnishes only a gross figure as to the value of the property to the assessing officer and who fails to appear before the board of review and segregate the taxable from the nontaxable property or otherwise protest the assessment, recover the portion of the tax paid under protest allocable to the nontaxable property?"

The issue in this case stems from *United States* v. *City of Detroit,* 355 US 466 (78 S Ct 474, 2 L ed 2d 424); *United States* v. *Township of Muskegon,* 355 US 484 (78 S Ct 483, 2 L ed 2d 436); *City of Detroit* v. *Murray Corporation of America,* 355 US 489, 495 (78 S Ct 458 and 486, 2 L ed 2d 441 and 460); and, in particular, *Continental Motors Corporation* v. *Township of Muskegon,* 365 Mich 191. In *Continental* it was held that personal property in Continental's possession, exempt because owned by the United States, could not be assessed validly for taxation under the general property tax act—as that act stood at the time.[3]

The *Continental Case* is controlling here. It determines that this 1958 assessment was unauthorized by Michigan law at the time it was made. Being thus unauthorized, the assessment was void from the beginning.

When an assessment made and confirmed under color of the general property tax act is invalid for outright want of legal authority to make it, such assessment and its confirmation have no standing for any legal purpose whatever. No action or in-

---

[3] *Continental Motors* v. *Muskegon Township,* 365 Mich 191, was concerned with a 1959 assessment. Here we deal with a 1958 assessment. The fact is stressed in view of subsequently effective PA 1959, No 266 (CLS 1961, § 211.14 [Stat Ann 1960 Rev § 7.14]). Neither case has presented any question which might arise under Act No 266.

action of the owner or possessor of the property thus assessed can be said to validate that which was invalid in the first place. Plaintiff accordingly proceeded within its rights when, as in the first *Continental Case,* it paid under protest and sued.

The presented situation is wholly analogous to those cases where, the original assessment being void for a specific legal reason, it has been held that, despite subsequent proceedings taken to decree, sale and confirmation pursuant to the general property tax act, any person or party aggrieved by such illegal assessment may attack it directly or collaterally. See discussion of the point in *McQuade* v. *State Land Office Board,* 321 Mich 235, 244, and review of the authorities in *Reed* v. *Welsch,* 358 Mich 579. Here, as in *Reed* v. *Welsch,* property in question was illegally assessed on assumptive but mistaken authority of the general property tax act. The result must be the same, regardless of plaintiff's omission—as charged by appellants—of compliance with said act (*Woodmere Cemetery Association* v. *Township of Springwells,* 130 Mich 466; *City of Detroit* v. *Mackinaw Transportation Co.,* 140 Mich 174; *Township of Portsmouth* v. *Cranage Steamship Co.,* 148 Mich 230 [118 Am St Rep 578]; *Rapid Railway Co.* v. *Schroeder,* 190 Mich 684, and *City of Detroit* v. *George,* 214 Mich 664, citing additional authorities at 677).

*Comstock* v. *City of Grand Rapids,* 54 Mich 641, cited by appellants and quoted by Justice Adams, is not opposed to foregoing conclusions. In *Comstock* the questioned assessment was of the plaintiff's own personal property. Both courts found and so held. Such personal property consisted of some 20 railroad freight cars which, of course, were transitorily out as well as in Grand Rapids. The Court ruled, as against Mr. Comstock's objections, that such personal property was validly assessed to him in the

first ward of the city, the findings below having disclosed:

"2d. That during all the time aforesaid he owned and occupied for business purposes a warehouse near the Central Railroad depot, in the first ward of said city, wherein he stored temporarily his manufactured articles for the purpose of convenient shipping." (p 642.)

Validity of the assessment was specifically upheld for this reason (the following sentence completes the penultimate paragraph of the Court's opinion on page 646, which paragraph Justice ADAMS has quoted in entirety save only as to such sentence):

"But we think the cars may properly be considered as appurtenant to the business in connection with which they were used, and taxable with the stock in trade."

Our decision renders it unnecessary to treat an additional question presented by intervening plaintiff and appellee United States. Such question is:

"Is an action for refund of taxes, imposed on property owned by the United States in violation of the Federal Constitution and exacted under protest, subject to State administrative provisions?"

Judgment affirmed. No costs.

DETHMERS, KELLY, and O'HARA, JJ., concurred with BLACK, J.

ADAMS, J. (*concurring in affirmance*). While I agree that the judgment in this case should be affirmed, I do not agree that the assessment was void from the beginning. On January 1, 1958, tax day, Continental Motors owned and had in its possession personal property of an assessed value of $819,099-.98. It also had possession of United States govern-

ment property worth $2,476,343.02. No disclosure of these facts was made to the assessing authorities.

Plaintiff did not file a sworn statement of *taxable* personal property in its possession as required by CL 1948, § 211.18 (Stat Ann § 7.18). Continental furnished only a *gross figure,* including all personal property. It is the claim of the defendants that, whether intentional or not, the behavior of Continental had had the effect of hiding its own personal property from taxation for a number of years. Defendants say that, because of this situation, it was necessary for the assessor to place all of the personal property on the roll and that the assessment was valid on the authority of *Comstock* v. *City of Grand Rapids,* 54 Mich 641.

Personal property assessments are made upon the total value of taxable personalty, not by specific parcel as is real estate. CLS 1961, § 211.24 (Stat Ann 1960 Rev § 7.24). Because of this, the need to make proper disclosure is evident. Erroneously including exempt property within the taxable mass does not result in a void assessment but merely in an excessive one, subject to review by the same procedure as any other improper assessment.

It was the duty of Continental to make a proper disclosure. If it believed that any property in its possession was tax exempt, it should so state, rather than including its own property with that of the United States government. The initial miscue was Continental's. The assessing authorities had no choice but to proceed as they did.

In my opinion, had matters so stood, the assessment would have been a valid one under the authority of *Comstock, supra.* In that case, the plaintiff's railroad cars were placed on the tax rolls of both the First ward and the Fifth ward of Grand Rapids. Chief Justice Cooley, writing for a unanimous Court, said:

"But it does not follow that because they ought not to have been assessed in the first ward the assessment was void. Personal property is not, according to the system which prevails in this State, assessable on specific enumeration, but it is assessable in gross, and specific descriptions are mere surplusage. In this case it appears beyond question and is not disputed that the plaintiff was assessable for personal property in the first ward of the city. He had a warehouse and an office there, and he had stock in trade. It was entirely right and proper therefore to put him upon the roll for taxation in that ward, and there was and could have been no want of jurisdiction in doing so. The error on the part of the assessor, if there was any, was in including these cars as part of the 'goods, wares or merchandise, or stock in trade,' which was taxable in that ward.

"If the assessment had been made of the goods, wares, et cetera, in one gross sum, without any specification of particulars, there could have been no question whatever that the assessment would have been valid, and that the plaintiff, in order to obtain relief from any portion thereof, must have appealed to the board of review as provided by statute. This must be considered settled by *Williams* v. *City of Saginaw,* 51 Mich 120. But the mention of the cars for separate valuation can make no difference. The plaintiff knew, or was bound to know, that the law required that he should be taxed for personal property in the first ward of the city, and he therefore had constructive notice of the assessment actually made, and should have appealed in respect to any part of it of which he could justly complain. There is no analogy between this case and the case of one who is assessed in a township where he has no taxable property at all, and with whose assessments he is therefore not concerned. The assessment in such a case would be void for want of jurisdiction, while here, if the plaintiff is correct in supposing he was

not taxable in the fifth ward, it was merely excessive."

While plaintiff did not appear before the board of review to protest the assessment, its failure to do so was excusable under a peculiar fact situation which involved that board fixing the assessment after the time for the taxpayer to appear had passed. Continental did promptly complain to the State tax commission that the property should not have been assessed "because of its ownership by the United States of America", specifically stating:

"The property assessed consists in part of Government owned facilities, which makes up a substantial portion of the assessment."

Continental asked for a hearing:

"so as to delete entirely therefrom all personal property assessments made upon any personal property the title of which is absolutely in the United States of America."

Continental, having pursued its administrative remedies, was not precluded from seeking other relief. I agree with Justice BLACK that *Continental Motors Corporation* v. *Township of Muskegon,* 365 Mich 191, is controlling and vote to affirm the judgment.

T. M. KAVANAGH, C. J., and SOURIS and SMITH, JJ., concurred with ADAMS, J.