### XEROX CORPORATION v CITY OF DETROIT

1. TAXATION—PROPERTY TAXES—STATUTES—STATE TAX COMMISSION—PAYMENT UNDER PROTEST—SUIT FOR RECOVERY.

    A taxpayer wishing to contest the valuation of his property for taxation purposes may appeal the assessment to the State Tax Commission, or pay the tax under protest and sue in circuit court for refund, or both (MCLA 211.53, 211.152).

2. TAXATION—PROPERTY TAXES—CONSTITUTIONAL LAW—CONSTITUTIONALITY OF TAX—STATE TAX COMMISSION—JUDICIAL REMEDY—STATUTES.

    A determination of the constitutionality of a tax is a matter of judicial review and cannot be decided exclusively by an administrative agency; therefore, a determination by the State Tax Commission of the valuation of property for assessment purposes, which is final and binding as to the amount of such assessment, is not final or binding as to the validity of the tax itself nor does it affect a taxpayer's right to sue for recovery of allegedly illegal taxes (MCLA 211.53).

3. TAXATION—JUDGMENT—SUMMARY JUDGMENT—PROPERTY TAXES—VALUATION—CONSTITUTIONAL LAW—VALIDITY OF TAX.

    A plaintiff taxpayer's allegations, that the methods employed by a city and a county for determination of property tax valuation were unconstitutional in that they constituted a wrong principle of assessment which resulted in a valuation bearing no reasonable relationship to the true cash value of the property, were sufficient to raise the issue of the tax's illegality, and the defendants were not entitled to summary judgment on the ground that there were no genuine issues of material fact.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted May 6, 1975, at Detroit. (Docket Nos. 20039–20056.) Decided September 10, 1975. Leave to appeal denied, 395 Mich 800.

REFERENCES FOR POINTS IN HEADNOTES

[1] 74 Am Jur 2d, Taxpayer's Actions § 44.

[2] 71 Am Jur 2d, State and Local Taxation § 171.

[3] 73 Am Jur 2d, Summary Judgment §§ 23, 27.

Complaints by Xerox Corporation against the City of Detroit and Wayne County for refund of ad valorem property taxes paid under protest. Cases consolidated, and judgment for plaintiff. Defendants appeal. Affirmed.

*Butzel, Long, Gust, Klein & VanZile* (by *Philip T. VanZile II, Lawrence R. VanTil,* and *John Henry Dudley, Jr.)* for plaintiff.

*Elliott S. Hall,* Corporation Counsel, and *Lawrence W. Morgan* and *John K. Godre,* Assistants Corporation Counsel, for the City of Detroit.

*Aloysius J. Suchy,* Corporation Counsel, and *George Gross,* Assistant Corporation Counsel, for Wayne County.

Before: V. J. BRENNAN, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. The consolidated cases herein reach this Court on an appeal by right from a judgment in the circuit court on April 2, 1974. The dispute is over the assessment of taxes on Xerox Corporation's copying equipment involving six tax years, 1966, 1967, 1968, 1970, 1972, and 1973. These actions concern the legality of property taxes on leased equipment which plaintiff paid under protest to the treasurers for defendants for each of the above-mentioned tax years. Defendants' boards of assessors valued this equipment for assessment purposes on the basis of the listed selling prices for the equipment as published by the plaintiff, although over 99 percent of said equipment was leased and not sold at retail. The plaintiff contended that the boards of assessors, in so doing, were acting in disregard of constitutional

and statutory requirements in that plaintiff's listed selling prices, when used as the basis for valuation, did not reflect the true cash value of the equipment and, further, that such a method of valuation was unrecognized in law and contrary to accepted appraisal practice.

On January 15, 1974, a non-jury trial commenced on the consolidated suits. The defendants immediately moved for summary judgment on the ground that there were no genuine issues of material fact, as the State Tax Commission (hereinafter referred to as STC) had previously heard this dispute between the parties and had reached a decision which was a final and binding determination in regard to plaintiff's contentions. This motion was denied by an opinion of the court on February 21, 1974. Defendants then moved for a directed verdict, after plaintiff's opening statement and again after plaintiff's case-in-chief, on the ground that no wrongdoing was either alleged or proved against the STC. The trial judge wrote an opinion in which he made the specific finding that the evidence showed that the valuation of the equipment, when based upon the list prices, had no relation to the equipment's market value and that, as a result, the tax upon said equipment was invalid.

Defendants now appeal, claiming that the denial of their motions for summary judgment and directed verdict constituted reversible error.

Addressing ourselves first to the denial of defendants' motion for summary judgment, the issue now before us is whether the STC's prior decision in this matter was a final and binding determination as to the legality of the taxes imposed.

In order to answer this question, we must first look to the statute under which this action was

instituted. Section 53 of the General Property Tax Act[1] provided, prior to its amendment by 1972 PA 226, as follows:

"Any person may pay the taxes or special assessments, or any one of the several taxes or special assessments, on any parcel or description of land, or on any undivided share thereof, and the treasurer shall note across the face of the receipt in ink any portion of the taxes or special assessments remaining unpaid. He may pay any tax or special assessment, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. *The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in such protest.* In cities where, by special provision, state and county taxes are collected by the county treasurer, suits for the recovery of state and county taxes only shall be brought against the county, and any such suit against a county for the recovery of taxes or special assessments so paid to the county treasurer shall proceed in all respects as provided herein for suits against townships." (Emphasis added.)

First, it must be noted that the institution of the § 53 action and a hearing before the STC pursuant to § 152[2] of the General Property Tax Act are not mutually exclusive.

This Court, in *Fisher-New Center Co v Detroit,* 38 Mich App 750; 197 NW2d 272 (1972), clearly stated that a taxpayer has been given by the Legislature two alternative remedies which the taxpayer may follow to contest his assessed taxes. The taxpayer may either (1) appeal to the STC

---

[1] MCLA 211.53; MSA 7.97.

[2] MCLA 211.152; MSA 7.210.

(pursuant to § 152 of the General Property Tax Act), *and/or* (2) pay the tax under protest and sue in the circuit court for refund (pursuant to § 53 of the General Property Tax Act). Plaintiff here has followed both of the alternatives open to it. In *Moran v Grosse Pointe Township,* 317 Mich 248, 253; 26 NW2d 763 (1947), the Court stated:

"Plaintiff has followed the proper and necessary procedural steps before bringing suit by seeking relief first from the board of review and then the State Tax Commission, then paying the alleged illegal taxes under protest and bringing suit for recovery of the amount paid."

This is precisely the remedial route followed by the plaintiff in the present case, as this appeal arises from a judgment for plaintiff from the circuit court upon a § 53 suit to recover a refund.

Thus, the defendants herein cannot claim that the plaintiff is foreclosed from bringing a § 53 action by virtue of having previously sought a § 152 review.

Secondly, it is clear from the language of § 53 that it provides the taxpayer with a remedy only if he can show that the imposition of the tax is illegal. The determination of the constitutionality of a tax is clearly a matter of judicial review and cannot be decided exclusively by an administrative agency. As stated in *In The Matter of Xerox Corp v STC,* 383 Mich 823 (1970):

"IN THE MATTER OF XEROX CORPORATION v STATE TAX COMMISSION. (Docket No. 52,704.) Leave to appeal denied August 27, 1970, without prejudice, for the reason that the State Tax Commission's determination of the valuation of the taxpayer's property for assessment purposes, absent appeal therefrom on leave, has validity only as to the amount of such assessment and does not

constitute a determination of the validity of the tax or taxpayer's right to recover taxes paid under protest by virtue of timely suit. See *Woodmere Cemetery Assn v Township of Springwells,* 130 Mich 466 [90 NW 277 (1902)], and *Continental Motors Corp v Township of Muskegon,* 375 Mich 13 [133 NW2d 163 (1965)]."

See also *Fisher-New Center Co v Detroit, supra, Kingsford Chemical Co v Kingsford,* 347 Mich 91; 78 NW2d 587 (1956), *Fisher-New Center Co v State Tax Commission,* 380 Mich 340; 157 NW2d 271 (1968), *Pantlind Hotel Co v State Tax Commission,* 380 Mich 390; 157 NW2d 293 (1968), *Helin v Grosse Pointe Township,* 329 Mich 396; 45 NW2d 338 (1951), *Newport Mining Co v City of Ironwood,* 185 Mich 668; 152 NW 1088 (1915), Const 1963, art 6, § 28.

Thus, while the STC's determination of the valuation of property for assessment purposes is final and binding as to the *amount* of such assessment, it does not have such effect where the *validity* of the tax itself or plaintiff's right to recover allegedly illegal taxes under § 53 are involved.

From the foregoing, it is clear that in the present case, the trial court's denial of defendants' motion for summary judgment was correct, if the plaintiff sufficiently alleged facts which would place the illegality of the taxes in issue. The basic thrust of plaintiff's allegations herein are that defendants' methods of valuation were unconstitutional in that they constituted a fundamentally wrong principle of assessment which resulted in a valuation which bore no reasonable relationship to the true cash value of the property. We hold that such allegations do raise the issue of the tax's illegality under § 53 and, therefore, defendants' motion for summary judgment was properly denied. See *Mohawk Data Sciences Corp v Detroit,*

63 Mich App 102; 234 NW2d 420 (1975), and the cases cited therein.

Turning now to the trial court's denial of defendants' directed verdict motions, we observe that the identical issue was also raised in *Mohawk, supra,* and decided adversely to the defendants. For the reasons stated in *Mohawk,* we hold that the trial court's denial of defendants' motions for directed verdicts was proper.

The decision of the trial court is, therefore, affirmed.