_In re_ PETITION OF AUDITOR GENERAL.

ROBERTS *v.* AUDITOR GENERAL.

1. EVIDENCE—JUDICIAL NOTICE—ASSESSMENT OF UNPLATTED LANDS WITHOUT REFERENCE TO STREETS.

The court may take judicial notice that unplatted lands in the corners of governmental subdivisions are frequently, if not usually, assessed without reference to the streets.

2. TAXATION—OWNER OF WHOLE NOT ENTITLED TO RECEIPT FOR UNDIVIDED PART OF TAX—STATUTES.

Where the description of plaintiff's land as "unplatted land in city of S., one acre of land in square form in N. W. corner of N. W. quarter of section 4, T. 11 N., R. 14 E., subject to all highways across same," could not be said to be defective, and plaintiff owned all the land in said acre except that taken for streets, he was not entitled, under 1 Comp. Laws 1915, §§ 4049, 4067, to tender three-fourths of the amount of the tax assessed against same, and receive receipt therefor, on the theory that he owned only three-fourths of the land described.

3. SAME—OWNER OF WHOLE NOT ENTITLED TO HAVE TAX SALE OF UNDIVIDED PART SET ASIDE.

Where the city treasurer accepted plaintiff's tender of three-fourths of the amount of the tax, erroneously gave

him a receipt for an "undivided three-fourths of tax assessed against this description," and returned the remaining one-fourth delinquent, which was later sold for said tax, plaintiff's petition to have said sale set aside was properly dismissed, since his land was subject to the entire tax, and in equity he cannot be relieved from paying that part of it which remains unpaid.

4. SAME—EQUITY—RIGHT TO RELIEF—QUESTION NOT RAISED—APPEAL AND ERROR.

The question of plaintiff's right to relief by petition after confirmation of the sale and enrollment of the decree, not having been raised in the court below or discussed by counsel, will not be passed upon by the Supreme Court.

Appeal from Sanilac; Beach (Watson), J. Submitted January 19, 1922. (Docket No. 107.) Decided March 30, 1922.

Petition by William Roberts against Oramel B. Fuller to set aside a sale of land delinquent for taxes. From a decree dismissing the petition, plaintiff appeals. Affirmed.

*Thomas Wellman,* for plaintiff.

*A. B. Simonson,* for defendant.

SHARPE, J. The following description of land appeared on the tax roll of the city of Sandusky for the year 1917:

"Unplatted land in city of Sandusky, one acre of land in square form in N. W. corner of N. W. quarter of section 4, T. 11 N., R. 14 E., subject to all highways across same."

There are streets on the north and west sides of this acre, one-half the width of each being taken therefrom. William Roberts, the plaintiff, had long owned this land and had paid the taxes on assessments substantially similar to that on the roll of 1917. On January 9, 1918, he made a written tender to the city treasurer of $440.67, and demanded a receipt for the

payment of the tax on the land included in said acre, exclusive of the streets, described by metes and bounds. The amount tendered was ¾ of that assessed. · The treasurer accepted the money and gave receipt for an "undivided ¾ of tax assessed against this description." The remaining ¼ interest was returned delinquent, included in the annual petition of the auditor general, decree granted therefor, advertised and sold, report on sale made and filed and decree enrolled on June 24, 1920. The petition herein was filed on November 19, 1920, praying that the sale be set aside. It is his claim that he tendered to the treasurer and paid the tax on all the land included in said acre which was owned by him. His claim for the relief sought is based on the following provisions of the tax law (1 Comp., Laws 1915, §§ 4049, 4067):

"* * * Any person owning an undivided share or other part or parcel of real property assessed in one description may pay on the part thus owned, by paying an amount having the same relation to the whole tax as the part on which payment is made has to the whole parcel. The person making such payment shall accurately describe the part or share on which he makes payment. * * *

"* * * That no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation."

We may take judicial notice that unplatted lands in the corners of governmental subdivisions are frequently, if not usually, assessed without reference to the streets. The highways are never excluded in assessing such lands in townships. The tax roll indicates that the assessor and board of review when making the assessment took into consideration the fact that a part of the acre was used as streets. The description was in no way defective. Had plaintiff desired it to conform to that in his tender, he should have appeared before the board of review and asked for its correction.

The treasurer should not have given receipt as for

an undivided ¾ interest.    But the plaintiff's land was subject to the entire tax and in this proceeding in equity he cannot be relieved from payment of that part of it which remains unpaid.    *Spaulding* v. *O'Connor,* **119** Mich. 45; *Brooks* v. *Auditor General,* **119** Mich. 329.    We do not pass upon the question as to whether relief may be sought by petition after confirmation and enrollment as it was not raised in the court below or discussed by counsel.

The decree is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.