### McQUADE *v.* STATE LAND OFFICE BOARD.

1. TAXATION—PAYMENT OF TAXES ON PART OR AN UNDIVIDED INTEREST.

   Provision of general property tax law permitting owner of part of property assessed for taxes or owner of an undivided interest to pay part of the taxes due and owing is not applicable to owner of entire tract who seeks to pay taxes on a part (1 Comp. Laws 1929, § 3444, as amended by Act No. 234, Pub. Acts 1941).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am. Jur., Taxation, § 958.
[1, 2] Tax title as affected by fact that tax had been paid before sale. 26 A.L.R. 622.
[3, 8–10] 51 Am. Jur., Taxation, § 1022.
[3, 8–11, 13] 51 Am. Jur., Taxation, § 1051.
[4, 5] 51 Am. Jur., Taxation, § 1052.
[4, 5] Effect of failure to make report, return, or record of tax sale within time prescribed by statute. 117 A.L.R. 726.
[6, 7] 51 Am. Jur., Taxation, §§ 1045, 1051.
[12] 51 Am. Jur., Taxation, § 1045.
[13] 51 Am. Jur., Taxation, §§ 1135, 1141.
[13] Right of holder of tax title or certificate of sale to reimbursement by taxing authorities where tax sale proves invalid. 77 A.L.R. 824; 116 A.L.R. 1408.
[13] Right and remedy of mortgagee who for protection of his security pays taxes on, or redeems on tax sale of, mortgaged property. 84 A.L.R. 1366; 123 A.L.R. 1248.
[13] Character of action or proceeding in which purchaser at invalid sale for taxes or local improvement assessments may secure reimbursement from owners; and provisions of decree or judgment as to relief. 86 A.L.R. 1208.

2. SAME—PART PAYMENT OF AMOUNT DUE.

Payment by owners of entire tract of part of taxes due and owing operated to reduce the total amount due but did not relieve any part of the property, or any interest therein, from the lien of the balance of the tax.

3. SAME—OFFER OF ENTIRE PARCEL FOR SALE FOR NONPAYMENT OF TAXES.

Under the general property tax law provisions relative to sale of land delinquent in payment of taxes, the county treasurer is not authorized to offer for sale a part only of the property to which the lien for taxes attaches, or to bid in, on behalf of the State, county and township, a part only of such parcel although he may, if it is possible to do so, sell an undivided fee simple interest for the full amount of the taxes (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

4. SAME—CONFIRMATION OF SALE FOR NONPAYMENT OF TAXES.

A formal order of confirmation of sale by county treasurer for nonpayment of taxes is not required under the general property tax law (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

5. SAME—CONFIRMATION OF SALE—JURISDICTION.

Although a valid sale of land by the county treasurer for nonpayment of taxes stands confirmed without entry of a formal order therefor where no objections are filed within 8 days after the time limited for filing report of sale, the failure to file objections within such period does not preclude an attack upon a sale void because of a want of jurisdiction to make it (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

6. SAME—STATUTE RELATING TO SALE OF LANDS STRICTLY FOLLOWED.

The provisions of the general property tax law with reference to sales of land for delinquent taxes must be strictly followed, substantial compliance being insufficient (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

7. SAME—AMOUNT OF LAND OR INTEREST THEREIN SOLD.

The provisions of the general property tax law in regard to the amount of land or the interest therein which may be sold for nonpayment of taxes must be strictly complied with and if the land is sold for taxes assessed upon a tract with different boundaries from that sold, the sale is void (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

8. SAME—LIABILITY OF PARCEL SOLD FOR ALL TAXES FOR WHICH SOLD.

A tax sale is invalid for every purpose unless the property was at the time liable for all the taxes for which it was sold.

9. SAME—EACH PARCEL LIABLE FOR ONLY ITS OWN TAX.

Each parcel of a person's land, separately assessed, is liable to sale only for its own specific tax.

10. SAME—SALE OF LANDS FOR TAXES DUE UPON OTHER LANDS.

Where land is sold to pay the taxes due upon it, together with the taxes due upon other lands, whether such lands belong to the same or a different owner, the sale is invalid.

11. SAME—SALE OF LESS THAN ASSESSED PARCEL FOR DELINQUENT TAXES.

Where taxes were delinquent upon land assessed in a parcel containing 78.5 acres, owners paid part of the taxes then due, and county treasurer who offered only 73.5 acres for sale and only that amount was conveyed to State for delinquent taxes, such official acted without authority in so doing (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, 1941).

12. SAME—SALE FOR NONPAYMENT OF TAXES—PUBLIC POLICY.

Public policy requires that proceedings for the sale of land for nonpayment of taxes be conducted in such manner as to obviate confusion and uncertainty (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

13. SAME—SALE OF LESS THAN PARCEL ASSESSED—AVOIDANCE OF SALES.

Where less than parcel assessed was sold to State for nonpayment of taxes, the sale was invalid and where land was sold at so-called scavenger sale, amount mortgagees had to deposit to match bid of stranger to title is ordered returned since both sales were void (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941; Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 159, Pub. Acts 1943).

14. COSTS—SETTING ASIDE VOID TAX SALES.

No costs are allowed in suit by mortgagees to set aside tax sale void because county treasurer acted without authority in selling less than the parcel assessed for taxes (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941; Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 159, Pub. Acts 1943).

Appeal from Oakland; Hartrick (George B.), J. Submitted April 9, 1948. (Docket No. 50, Calendar No. 43,787.) Decided May 18, 1948.

Bill by Ellen McQuade and others against State of Michigan and State Land Office Board to set aside scavenger sale, for refund of amount paid on purchase price and other relief. Decree for defendants. Plaintiffs appeal. Auditor General of State of Michigan added as party defendant. Reversed and decree entered for plaintiffs.

*Wm. Henry Gallagher* (*Abraham Satovsky,* of counsel), for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Elbern Parsons,* Chief Assistant Attorney General, for defendants.

CARR, J. This case involves the validity of the sale of certain land in Oakland county for delinquent taxes and of incidental proceedings following such sale. The material facts are set forth in the pleadings in the case and in a stipulation entered into by the parties with reference to the record on appeal. In 1926 the owners of the property in question, Emma M. Smock and Ida C. Smock, executed a mortgage thereon to secure an indebtedness in the sum of $17,000. By assignment, plaintiffs in the present case have become the owners of said mortgage.

Taxes assessed against the property for the year 1940 and previous years were delinquent and in consequence the auditor general of the State filed his petition in the circuit court of Oakland county under section 61 of the general property tax law[*]

---

[*] 1 Comp. Laws 1929, § 3452, as amended by Act No. 91, Pub. Acts 1937, Act No. 37, Pub. Acts 1939, Act No. 234, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 3452; Stat. Ann. 1943 Cum. Supp. § 7.105).

for the purpose of obtaining a decree for the payment of the taxes due and for the sale of the land in default of payment. A decree in accordance with the petition was entered on April 14, 1943. In accordance therewith the property was advertised for sale on May 3, 1943.

The land here involved was assessed under the following description:

"T. 1 N. R. 9 E. Sec. 15
N. E. 1/4 of N. E. 1/4 Exc. E. 16.50 Ft. Also
S. E. 1/4 of N. E. 1/4 Exc. E. 33 Ft.
78.50 Acres."

The petition of the auditor general, the decree, and the published notice of sale followed the description above set forth. After the entering of the decree, the owners applied to the assessing officer to determine the value of a parcel containing approximately 15 acres lying in the north portion of the east 1/2 of the northeast 1/4 of section 15. It does not appear that action was taken on such application, and on the first of May following a second application for a determination of the value of the north 5 acres of the east 1/2 of the northeast 1/4 of section 15, except the east 16.5 feet thereof, was made. Following compliance with such request, the owners paid a total of $1,061.42 and were given receipts bearing date July 2, 1943. Obviously it was the purpose of the owners to pay a proportionate part of the taxes assessed against the parcel in question and thereby prevent the sale of the five acres mentioned or the conveyance thereof to the State for delinquent taxes.

In their bill of complaint, plaintiffs alleged that at the sale held on May 3, 1943, the county treasurer offered for sale the entire parcel as described in the petition, decree, and published notice. Defendants in their answer denied this averment, asserting that

the treasurer offered such described parcel less the five acres on which the owners had undertaken to pay the taxes. Apparently plaintiffs acquiesced in defendants' claim, and the case was heard in the trial court on the assumption that the defendants were correct with reference to the manner in which the property was offered for sale. It is assumed that no offers were received for the property and that in accordance with the statute the treasurer bid it in for the State. Thereafter, on July 3, 1944, the auditor general executed his deed to the State of Michigan, describing the property as follows:

"Land in the township of Farmington, State of Michigan, described as follows: Township 1 north, range 9 east, northeast 1/4 of northeast 1/4 except the east 16.50 feet, also the southeast 1/4 of northeast 1/4, except the east 33 feet, and except the north 5 acres of east 1/2 of northeast 1/4 except E. 16.50 feet thereof, section 15."

On February 15, 1945, the State land office board offered at the so-called scavenger sale the property as described in the deed of the auditor general. This was done in accordance with Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939, Act No. 363, Pub. Acts 1941, Act No. 159, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 3723-7, Stat. Ann. 1943 Cum. Supp. § 7.957). We are not concerned with subsequent amendments to the statute made at the sessions of 1945 and 1947. At said sale a party having no interest in the property bid the sum of $8,000. Plaintiffs, in order to protect their interests, were required to match the bid, and to do so deposited 10 per cent. of the amount stated. Thereupon the amount deposited by the bidder was returned to him.

Immediately following the scavenger sale, plaintiffs started the present suit, asking that such sale, with respect to the property involved in this case,

be set aside, that the deposit that plaintiffs had made be returned to them, that they be permitted to pay the taxes on the property, with accrued interest, and that they be granted incidental injunctive relief. Defendants filed an answer denying plaintiffs' right to the relief sought, and claiming affirmatively. therein, as before noted, that the property was offered by the county treasurer at the sale held on May 3, 1943, under the description contained in the auditor general's deed. The case was submitted to the trial court on the pleadings and the arguments of counsel. Decree was entered dismissing the bill of complaint, and plaintiffs have appealed.

On behalf of plaintiffs it is contended that there was no authority under the statute to divide the parcel described on the assessment roll and relieve part of the land from the lien of the taxes on the payment of a portion of what was due and owing. The record discloses that the balance after such payment by the owners was approximately $3,000. Defendants make no claim that the action taken was of any force and effect, except that it reduced the total amount due by the sum paid. Admittedly, the title of the owners extended to the entire parcel as described. In other words, this was not a case of ownership of a part only of a parcel of land assessed for taxes or the ownership of an undivided interest in such land. In consequence, the provisions of section 53 of the general property tax law * allowing a partial payment of taxes in certain instances on the basis of the share or part of the property actually owned, was not applicable. The amount paid by the owners merely operated to reduce the total amount due and accordingly inured to the benefit of the plaintiffs in the instant case. *Jacobsen* v.

---

* 1 Comp. Laws 1929, § 3444, as amended by Act No. 32, Pub. Acts 1931, Act No. 54, Pub. Acts 1935, Act No. 234, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3444; Stat. Ann. 1943 Cum. Supp. § 7.97).

*Nieboer,* 299 Mich. 116.  However, no part of the property, or any interest therein, was relieved by such payment from the lien of the balance of the tax. *Wyman* v. *Baer,* 46 Mich. 418; *In re Petition of Auditor General,* 217 Mich. 695.

The manner in which the sale of land for delinquent taxes shall be conducted is set forth in section 70 of the general property tax law, 1 Comp. Laws 1929, § 3462, as amended by Act No. 71, Pub. Acts 1931, Act No. 325, Pub. Acts 1937, Act No. 234, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 3462; Stat. Ann. 1947 Cum. Supp. § 7.115).  It is therein provided in part:

"On the first Tuesday of May, beginning at 10 o'clock a.m., the county treasurer shall commence the sale of the lands mentioned in the decree upon which the amounts charged shall not have been paid, and shall continue the same from day to day, Sundays and other legal holidays excepted, until so much of each parcel shall be sold as shall be sufficient to pay such amounts.  *  *  *  Each parcel described in the decree shall be separately exposed to sale for the total taxes, interest and charges, and the sale shall be made to the person paying the full amount charged against such parcel, and accepting a conveyance of the smallest undivided fee simple interest therein.  No greater interest in any parcel shall be sold than is sufficient to pay the amount of the tax on which the same is sold.  If no person will pay the several taxes and charges and take a conveyance of less than the entire thereof, then the whole parcel shall be offered and sold.  *  *  *  If any parcel of land cannot be sold for taxes, interest and charges, such parcel shall be passed over for the time being, and shall, on the succeeding day, or before the close of the sale be reoffered; and if, on such second offer, or during such sale, the same cannot be sold for the amount aforesaid, the county treasurer or his deputy or deputies shall bid off the same in the name of the State for the State, county and township, in propor-

tion to the taxes, interest and charges due each. And in such case the taxes assessed on the lands so bid off to the State, and the interest and charges thereon, shall remain a lien upon said lands, and any person or persons may thereafter purchase such lands of the State, as provided in this act."

It is apparent that the language quoted may not be construed as authorizing the county treasurer to offer for sale a part only of the property to which the lien attaches, or to bid in, on behalf of the State, county and township, a part only of such parcel. He may if it is possible to do so sell an undivided fee simple interest for the full amount of the taxes. Clearly, it was not the intention of the legislature to permit, at the tax sale, a division of a parcel of land assessed as an entirety, except in instances within the scope of section 53, above cited.

On behalf of the plaintiffs it is contended that failure on the part of the county treasurer to offer the property for sale in the manner required by the statute and as described in the petition of the auditor general, the decree, and the published notice of sale, rendered the sale void. Defendants take the position, in effect, that the acts of which plaintiffs complain were merely irregular and that plaintiffs are now precluded from raising any question with reference thereto because of their failure to file objections to the confirmation of the sale. Reliance is placed in this connection on the following provisions of section 70, above quoted in part, of the general property tax law:

"All sales shall stand confirmed, subject to the right of redemption provided for in section 74, unless objections thereto are filed within 8 days after the time limited for filing such report, without the entry of an order or further notice.  *  *  *  Provided further, That no sale shall be set aside after confirmation, except in cases where the taxes were

paid, or the property was exempt from taxation. In such cases the owner of such lands may move the court at any time within 1 year after he shall have notice of such sale to set the same aside, and the court may so order upon such terms as may be just."

Under the specific terms of the statute, above quoted, a formal order of confirmation was not required. *Conley* v. *McMillan,* 120 Mich. 694. Admittedly the present case does not come within either of the exceptions mentioned in the statute. No claim was made that the property was exempt from taxation or that the taxes had been actually paid. However, failure to file objections within the specified period after the sale does not preclude an attack thereon, if such sale is void because of a want of jurisdiction to make it. This Court in *Horton* v. *Salling,* 155 Mich. 502, held that a deed of State tax land was void because the auditor general accepted interest on the State's claim for taxes at a rate lower than that prescribed by the statute. In support of its conclusions, *Horton* v. *Helmholtz,* 149 Mich. 227, was cited. In holding that plaintiff was not precluded under the provisions of section 70 of the general property tax law from seeking a decree in equity to quiet his title to the property there in question, it was said:

"The provision quoted from section 70 was designed to confer and limit, in tax cases, the general discretionary power, lodged in courts of equity to set aside sales, made in the same proceeding, for an inadequate price bid, or because of irregularities, and was not aimed at the authority of courts in general to hear and determine the validity of decrees and sales. This subject was discussed in the case of *Spaulding* v. *O'Connor,* 119 Mich. 45. This sale being absolutely void, complainant might treat it so, and raise the question in ejectment (in a proper case) or by this proceeding."

This Court has repeatedly held that the provisions of the general property tax law with reference to sales of land for delinquent taxes, must be strictly followed. Thus in *Littlefield* v. *Petrick,* 250 Mich. 437, it was said:

"Proceedings of this kind are statutory, and the requirement of notice is one step in the proceeding to divest the delinquent taxpayer of his property rights. Something more than a substantial compliance with the statute is necessary. The provisions of the statute must be strictly construed."

Of like import is *Thompson* v. *Auditor General,* 261 Mich. 624, 645, where it was said:

"There is no question but that tax proceedings are purely statutory; that no one may be deprived of his property without due process of law; that the statutory provisions in pursuance to which sales of land for delinquent taxes are made must, to uphold the deprivation of the owner of his property, be strictly construed and rigidly followed, and when the statute provides for the publication of the lists of delinquent lands, such publication is an essential prerequisite to the right of the court in a suit brought by the auditor general to foreclose the tax lien of the State, to its jurisdiction and right to make an order directing such sale."

See, also, *In re Petition of Auditor General,* 275 Mich. 462 (107 A. L. R. 279). In 26 R. C. L. pp. 398, 399, it is said:

"The requirements of statute in regard to the amount of land or the interest therein which may be sold for nonpayment of taxes must be strictly complied with. The land must be sold for the tax assessed upon it and if it is sold for taxes assessed upon a tract with different boundaries from that sold, the sale is void."

In 61 C. J. pp. 1127, 1128, we find the following general statement:

"The decisions generally recognize the following fundamental rules: (1) That a tax sale is invalid for every purpose unless the property was at the time liable for all the taxes for which it was sold. (2) That in the absence of a statute to the contrary each parcel of a person's land, separately assessed is liable to sale only for its own specific tax. (3) That where land is sold to pay the taxes due upon it, together with the taxes due upon other lands, whether such lands belong to the same or a different owner the sale is invalid."

Applying the general principles of construction accepted by this Court, and by courts in other States as well, we think it must be said that the county treasurer had no power to offer the land in question, or to bid it in for the State, except in strict compliance with the statute and with the decree of the Court. We are not concerned with a mere irregularity in connection with the sale, but rather with a lack of authority to do what was actually done. The basic question at issue is not that of prejudice or possible prejudice to the plaintiffs, but rather the construction of statutory provisions relating to the duties of public officials charged with the performance of governmental functions. It is, we think, patent that if a departure from legal requirements is permitted, the rights not only of taxpayers, but of the State itself may be prejudiced. If in a case of this nature a part only of the description to which the tax lien attaches is bid in by the county treasurer and cannot be sold by the State except for an amount substantially less than the taxes involved, an unfortunate situation would be presented. Public policy requires that proceedings of the character here involved shall be conducted in such manner as to obviate confusion and uncertainty. Unnecessary questions involving the title to real estate or liens thereon should not be permitted to arise.

The legislature has outlined, in clear and unmistakable terms, the duties of public officials in connection with tax sales. The exercise of power or authority not authorized by the statute may not be passed over as merely irregular. The conclusion follows that the sale of the property involved in the present case was void.

A like result would necessarily follow if the fact actually was as alleged by plaintiffs in their bill of complaint, that is, if the sale was properly conducted, but the deed of the auditor general to the State did not cover the entire parcel actually offered for sale and bid in for the State, the county and the township. If such was the case the deed was not authorized by the statute. If valid, it would have resulted in the State receiving less than it was entitled to receive. It is of course obvious that, regardless of which act was committed without authority, the State was not in position to offer at the scavenger sale the property that should have been bid in at the sale for delinquent taxes and conveyed to the State.

For the reasons indicated, the decree of the circuit court is reversed, and a decree will enter here granting plaintiffs the relief sought in their bill of complaint. In view of the nature of the case, no costs are allowed.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, and Butzel, JJ., concurred.

Dethmers, J., did not sit.